STATE, Respondent, v. LAMPE, Appellant.

*February 4—March 2, 1965.*

For the appellant there were briefs and oral argument by *David L. Walther* of Milwaukee.

For the respondent the cause was argued by *William A. Platz,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, *Hugh R. O'Connell,* district attorney of Milwaukee county, and *Aladin A. DeBrozzo,* deputy district attorney.

HALLOWS, J. The defendant does not seek to withdraw his plea of guilty nor does he seek a new trial. He had counsel and by his admittedly voluntary plea of guilty the

defendant waived all defenses and nonjurisdictional defects except that the information charged no offense. *Hawkins v. State,* ante, p. 443, 132 N. W. (2d) 545; Anno. 42 A. L. R. (2d) 1013; 14 Am. Jur., Criminal Law, p. 953, sec. 272. By the plea, the defendant admitted the facts charged but not the crime and in this respect a plea of guilty is like a demurrer. Nor has the defendant 'waived his right to question the sufficiency of the information. If the insufficiency is of such a nature that no crime known to law has been alleged the defect is jurisdictional and is not waived by the plea. If, however, in spite of the insufficiency some crime is alleged, then sec. 955.09 (3), Stats., might be operative. This section provides, among other things, that the sufficiency of an information must be raised before trial or be deemed waived. In this case no waiver in either event would result because the requirement of the section has not happened in that there has yet been no trial. The entering of a plea of guilty is not a trial but the waiver thereof. *Pulaski v. State* (1964), 23 Wis. (2d) 138, 126 N. W. (2d) 625. On this ground *Watson v. State* (1926), 190 Wis. 245, 208 N. W. 897, cited by the state, may be distinguished because in that case the objection was not raised before the impaneling of the jury. The language in *Spoo v. State* (1935), 219 Wis. 285, 262 N. W. 696, that a plea of guilty constitutes a waiver under sec. 355.09, Stats. 1935, now sec. 955.09 (3), of a subsequent objection to sufficiency of the information is overruled.

The defendant's argument goes beyond a technical insufficiency of an information charging the crime and raises the question of whether the information charges any offense. If the defendant is correct that no offense is charged then the court had no jurisdiction to proceed to judgment. *In re Carlson* (1922), 176 Wis. 538, 186 N. W. 722.

The defendant contends the information charges no crime because it does not allege the check made by the defendant purported to have been made by another person. Sec. 943.38 (1), Stats.,[1] creating the crime of forgery, provides, "Whoever with intent to defraud falsely makes or alters a writing . . . so that it purports to have been made by another," and it is this provision that the defendant claims is not charged in the information. The information alleged that on the 16th day of August, 1963:

". . . the said defendant, Clayton Ray Lampe, did feloniously with intent to defraud falsely make a certain writing of a kind whereby legal rights and obligations are created and transferred, commonly known as a bank check, of the tenor following, to-wit:
[A photostatic copy of the check was thereto attached] "so that it falsely purported to have been made by Emery Walker, contrary to sec. 943.38 (1) of the statutes . . . ."

The attached check was dated 8–16–1963, No. 16, was on a personalized-check form of the First Wisconsin National Bank, Milwaukee, Wisconsin, with the name Emery Walker printed thereon together with the magnetic-account number and other data. The check was made payable to the order of Carol E. Garon for $16.65 and below the printed name Emery Walker was written Emery Walker.

---

[1] "943.38 FORGERY. (1) Whoever with intent to defraud falsely makes or alters a writing or object of any of the following kinds so that it purports to have been made by another, or at another time, or with different provisions, or by authority of one who did not give such authority, may be fined not more than $5,000 or imprisoned not more than 10 years or both:
"(a) A writing or object whereby legal rights or obligations are created, terminated or transferred, or any writing commonly relied upon in business or commercial transactions as evidence of debt or property rights; or . . ."

The defendant argues "Emery Walker" was not alleged as another person and could be an alias of the defendant or a fictitious name conjured up at the time the check was written, and if so, the statute was not violated. It is true that under some circumstances the use of a fictitious name or an assumed name may not amount to forgery. However, if a person attempts to pass off the fictitious name as representing a person other than himself, such use would constitute a forgery. It is not necessary that the person purported to have made the instrument be a person in existence or a real person so long as the instrument purports not to be the act of the one altering or making the instrument. Likewise, the use of an assumed name may be a forgery if done for a fraudulent purpose. There are also circumstances under which an assumed name may be used for legitimate purposes and the use would not amount to a forgery. See on this problem *Greathouse v. United States* (4th Cir. 1948), 170 Fed. (2d) 512; *United States v. Greever* (D. C., D. C. 1953), 116 Fed. Supp. 755; and *State v. Wilson* (1929), 168 La. 932, 123 So. 624.

The Anno., Forgery, Use of Fictitious or Assumed Name, 49 A. L. R. (2d) 849, points out a distinction between a broad and narrow definition of forgery, characterizing the broad definition in terms of one with intent to defraud who falsely makes or alters an instrument in writing so that it has such a sufficient appearance of validity or genuineness on its face that it may be used to the prejudice or detriment of another person. The narrow definition differs only in that the falsely made or altered writing appears to be the instrument of a person other than the one actually making or altering it. To constitute forgery under sec. 943.38 (1), Stats., which seems consistent with the narrow definition of forgery, the information must charge the check made by the defendant purported to have been made by another person. We believe it does.

The information alleges the defendant is Clayton Ray Lampe who signed the name Emery Walker to the check. It alleges the check "falsely purported to have been made by Emery Walker" and was falsely made and with the intent to defraud. The fair meaning of these allegations is that the check was not made by Emery Walker but falsely purported to be made by him. The ordinary meaning and intent of the language is that Emery Walker is not the same person as the defendant Clayton Ray Lampe. We do not consider it necessary to allege Emery Walker was not a fictitious or an assumed name of the defendant. We believe it is a fair everyday assumption that the use of different names refers to different persons. At least three cases have held that *prima facie* different names are presumed to refer to different persons. *M'Nally v. Mott* (1853), 3 Cal. 235; *Peckham v. Stewart* (1893), 97 Cal. 147, 31 Pac. 928; see also *Fox v. Grand Union Tea Co.* (Tex. Civ. App. 1951), 236 S. W. (2d) 561.

We hold the information alleges the commission of the crime of forgery.

*By the Court.*—Judgment affirmed.