CLARK, Plaintiff in error, v. STATE, Defendant in error.

*No. State 129. Argued January 4, 1974.—Decided February 5, 1974.*

(Also reported in 214 N. W. 2d 450.)

196

For the plaintiff in error there were briefs and oral argument by *Howard B. Eisenberg*, state public defender.

For the defendant in error the cause was argued by *Robert D. Martinson*, assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

CONNOR T. HANSEN, J. The following issues are presented on this review:

1. Whether the evidence was sufficient to establish that the defendant aided and abetted in the commission of the murder?

2. Whether the court lacked subject matter jurisdiction because the complaint and information failed to allege an offense?

3. Whether the trial court should have instructed the jury on a lesser *but not* included offense?

### *Sufficiency of evidence.*

King, Wooten, and the defendant all testified at trial. The testimony of King and Wooten differed in some respects, and the testimony of the defendant contradicts much of the testimony of King and Wooten. As we review defendant's testimony, it appears to contain many inconsistencies and what might be described as self-proclaimed confusion. Also, the defendant's testimony at trial differed in several respects with a statement he had previously made to Detective Charles Dobbs, who also testified at trial.

It is apparent from examining the record that the jury believed the testimony of the witnesses presented on behalf of the state and did not believe the testimony of the defendant.

The state's case in this instance relied somewhat upon circumstantial evidence. Often times circumstantial evidence is stronger and more satisfactory than direct evidence. *Ball v. State* (1973), 57 Wis. 2d 653, 666, 205 N. W. 2d 353; *State v. Paegelow* (1973), 56 Wis. 2d 815, 821, 822, 202 N. W. 2d 916. Intent is by its very nature rarely susceptible to proof by direct evidence.

In *Bautista v. State* (1971), 53 Wis. 2d 218, 223, 191 N. W. 2d 725, this court explained as follows:

". . . A criminal conviction can stand based in whole or in part upon circumstantial evidence. The credibility of the witnesses and the weight of the evidence is for the trier of fact. In reviewing the evidence to challenge a finding of fact, we view the evidence in the light most favorable to the finding. Reasonable inferences drawn from the evidence can support a finding of fact and, if more than one reasonable inference can be drawn from the evidence, the inference which supports the finding is the one that must be adopted. Our review of the record in response to a challenge to the sufficiency of the evidence is so limited by these rules."

It would serve no useful purpose to set forth the testimony of the parties in detail. However, the evidence is such that the jury could reasonably conclude and believe that the defendant knew Bizzle was looking for Pulliam and intended to kill him; that on the night of the incident the defendant supplied Bizzle with the murder weapon and ammunition, demonstrated its use to Bizzle and loaded the gun for him. There is also credible evidence from which a jury could reasonably conclude that the defendant lured the deceased into the car by telling him they were going to pull a job in the country where a farmer who did not believe in banks had $5,000 in a safe,

and that the defendant supplied gasoline money for the automobile being used, and otherwise assisted Bizzle in murdering Pulliam. Furthermore, the defendant was concerned that his fingerprints would be found at the scene of the crime, and several days after the incident the gun was thrown into Lake Michigan in an attempt to hide his involvement.

Sec. 939.05, Stats., provides in pertinent part as follows:

"**Parties to crime.** (1) Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although he did not directly commit it and although the person who directly committed it has not been convicted or has been convicted of some other degree of the crime or of some other crime based on the same act.

"(2) A person is concerned in the commission of the crime if he:

"(a) . . .; or

"(b) Intentionally aids and abets the commission of it; or

"(c) . . . ."

In *State v. Nutley* (1964), 24 Wis. 2d 527, 554, 555, 129 N. W. 2d 155, certiorari denied, 380 U. S. 918, 85 Sup. Ct. 912, 13 L. Ed. 2d 803, it was explained:

"Under the terms of sec. 939.05 (2) (b) and (c), Stats., a person may be vicariously liable for a substantive crime directly executed by another. Under the complicity theory of sec. 939.05 (2) (b), a person is liable for the substantive crime committed by another if (1) he undertakes conduct (either verbal or overt action) which as a matter of objective fact aids another person in the execution of a crime, and further if (2) he consciously desires, or 'intends' that his conduct will yield such assistance. . . ."

There was sufficient credible evidence to support the verdict of the jury.

*Jurisdiction.*

No objection to the jurisdiction of the court was ever raised at trial. The information and complaint was never objected to, or in any way challenged until this case was brought before this court for review.

The complaint charged that the defendant was involved in the commission of the murder of a human being contrary to sec. 940.01 and sec. 939.05, Wisconsin Stats. The defendant pled not guilty and was bound over for trial after a preliminary examination.

In *Pillsbury v. State* (1966), 31 Wis. 2d 87, 93, 142 N. W. 2d 187, this court explained as follows:

". . . The filing of an information is not dependent jurisdictionally upon a valid complaint or preliminary examination. While sec. 955.18, Stats., gives a person accused of a felony a right to a preliminary examination unless he is a fugitive from justice, the omission of a preliminary examination does not invalidate an information unless the defendant moves to dismiss. The information is the accusatory pleading under our criminal system to which the defendant must plead and stand trial, but sec. 955.18 does not make it void for lack of a preliminary examination but only defective, a condition which is waived unless timely objected to."

Also, in *Waite v. State* (1973), 57 Wis. 2d 218, 226, 203 N. W. 2d 719, the court held that:

". . . Defects in the complaint, arrest or search would not go to subject matter jurisdiction." (Citing *Galloway v. State* (1966), 32 Wis. 2d 414, 418, 419, 145 N. W. 2d 761, 147 N. W. 2d 542.)

Therefore, even assuming, but in no way inferring, that the complaint was defective, it would not have affected the court's subject matter jurisdiction.

The information in this case alleged that the defendant was feloniously involved in the commission of the murder

of Troy Pulliam, a human being, contrary to the form of the statute, sec. 940.01 and sec. 939.05.

The defendant argues that no crime is alleged in this information and therefore subject matter jurisdiction never existed and the judgment is void.

In *Waite v. State, supra,* page 226, the court explained that ". . . Subject matter jurisdiction is the *power* of the court to determine the facts, apply the law and set the penalty."

Also, in *Pillsbury v. State, supra,* page 94, it was explained as follows:

". . . Criminal jurisdiction of the subject matter is a power of a court to inquire into the charge of the crime, to apply the law, and to declare the punishment in the court of a judicial proceeding and is conferred by law. . . ."

(Cited with approval in *State v. Chabonian* (1972), 55 Wis. 2d 723, 725, 201 N. W. 2d 25, and *State v. Weidner* (1970), 47 Wis. 2d 321, 324, 177 N. W. 2d 69.)

Counsel for the defendant concedes that the defendant knew precisely what crime he was charged with having committed. This was a vigorously tried case, extending over several days of jury trial. At no time, either during trial or on review, does the defendant assert that he did not know the nature and cause of the accusation made against him, or that he was in any way prejudiced by the failure of the state to use the precise language of the statute in the information. After examining the record, we are convinced the defendant was fairly convicted by an impartial jury on the basis of sufficient credible evidence. While we are satisfied the rights of the defendant have not been prejudiced in any way, and he does not assert they have been, nonetheless, he seeks reversal of his conviction because of a technical defect in the information discovered by counsel appointed to review his conviction.

Sec. 971.26, Stats., provides as follows:

"971.26 **Formal defects.** No indictment, information, complaint or warrant shall be invalid, nor shall the trial, judgment or other proceedings be affected by reason of any defect or imperfection in matters of form which do not prejudice the defendant."

There is a more compelling reason for concluding that the court had subject matter jurisdiction. Sec. 971.35, Stats., provides:

"971.35 **Murder and manslaughter.** It is sufficient in an indictment or information for murder to charge that the defendant did feloniously and with intent to kill murder the deceased. In any indictment or information for manslaughter it is sufficient to charge that the defendant did feloniously slay the deceased."

The defendant was charged with being a party to the crime of murder. In *State v. Weidner, supra,* page 324, the following statement from Corpus Juris Secundum was quoted with approval:

" 'Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings in question belong; *the power to deal with the general subject involved in the action; and means not simply jurisdiction of the particular case then occupying the attention of the court but jurisdiction of the class of cases to which the particular case belongs,* the authority to hear and determine both the class of actions to which the action before the court belongs and the particular question which it assumes to determine. "Jurisdiction over the subject-matter" means the nature of the cause of action and relief sought, and such jurisdiction is conferred by the sovereign authority which organizes the court and is to be sought for in the general nature of the court's powers or in the authority especially conferred on the court. . . .' 21 C. J. S., *Courts,* pp. 36, 37, sec. 23." (Emphasis supplied.)

Also, the information stated that murder had been committed "contrary to the form of . . . section

940.01 . . . ." In *State v. Bachmeyer* (1945), 247 Wis. 294, 301, 19 N. W. 2d 261, an information charged that the defendant:

". . . 'Peter Bachmeyer . . . on the 20th day of March, A. D. 1938, at the city of Eau Claire in said county of Eau Claire and state of Wisconsin, did aid, in the commission of an offense which was a felony, to wit, murder in the first degree, as defined by section 340.02 of the Wisconsin Statutes, contrary to section 353.05 of the Wisconsin Statutes, and against the peace and dignity of the state of Wisconsin.' "

The court affirmed the conviction and concluded that:

". . . Sec. 355.23, Stats., provides that no indictment or information shall be deemed invalid by reason of any defect or imperfection in the matters of form which shall not tend to the prejudice of the defendant. Defendant was charged with having aided in the commission of the offense of murder in the first degree, as defined in sec. 340.02. This necessarily carried with it all of the elements of the offense charged under said section, and the information also set forth the section under which the defendant was being prosecuted. It is considered that the defendant was not prejudiced by the information under which he was prosecuted." *State v. Bachmeyer, supra,* page 302.

The defendant also directs our attention to *In re Carlson* (1922), 176 Wis. 538, 186 N. W. 722, in which this court determined that the trial court improperly entered a judgment of conviction of first-degree murder upon his plea of guilty to the information as filed. This court decided that the information as filed in *Carlson,* "charges the petitioner with aiding in the commission of the crime of manslaughter in the first degree." We are of the opinion that *Carlson* is distinguished from the instant case by the fact that the information in *Carlson did not* refer to a specific numbered statute, and also by the fact that the language of the first-degree murder statute has been modified since *Carlson.* The charge of first-

degree murder no longer includes the specific element of "malice aforethought." Furthermore, under the information filed in *Carlson* there were several degrees of murder, including the then crime of first-degree manslaughter, that might have been included in the language of the information. However, in the instant case the defendant was charged with murder ". . . contrary to the form of . . . section 940.01 . . . ." Similarly, in *State v. Bachmeyer, supra,* page 301, the defendant was charged with murder " '. . . as defined by section 340.02 of the Wisconsin Statutes . . . .' "

We also find the defendant's reliance on *Champlain v. State* (1972), 53 Wis. 2d 751, 193 N. W. 2d 868, to be unpersuasive. In *Champlain* the information did not charge armed robbery because it failed to allege all necessary elements of the crime. *State v. Bachmeyer* was not applicable because the statutory reference in the information related to the sentencing provisions of the statute and not the substantive section of the statute describing the crime for which the state was prosecuting the defendant.

The defendant's reliance on *State v. Schneider* (1973), 60 Wis. 2d 563, 211 N. W. 2d 630, and *State v. Green* (1973), 60 Wis. 2d 570, 211 N. W. 2d 634, is also misplaced. *Schneider* and *Green* have no significance whatever when considering the issue here raised by the defendant. *Schneider* and *Green* and *Smith v. California* (1959), 361 U. S. 147, 80 Sup. Ct. 215, 4 L. Ed. 2d 205, rehearing denied, 361 U. S. 950, 80 Sup. Ct. 399, 4 L. Ed. 2d 383 (cited in *Schneider*), go directly and only to the question of whether scienter is a constitutionally required element in a criminal obscenity statute because it is intimately related to the constitutional scope (first amendment) of the power to bar material as obscene.

We, therefore, are of the opinion that the information, although not a model of draftsmanship, fully advised the defendant of the nature and cause of the accusation

against him. The accusation was such that the defendant could and did intelligently and knowingly enter a plea and prepare a defense. *Holesome v. State* (1968), 40 Wis. 2d 95, 102, 161 N. W. 2d 283. The trial court had jurisdiction, both as to the subject matter of the trial and the person of the defendant.

### Instructions.

Defense counsel asked that the jury be instructed on the offense of aiding a felon contrary to sec. 946.47, Stats. The trial court refused to do so.

It is conceded in defendant's brief that "The lesser serious crime has elements not found in the greater . . . ." However, the defendant contends ". . . [t]he question is, why can't the Court submit to the jury a lesser non-included offense?" indicating that his research has failed to disclose any law on this question. Sec. 939.66, Stats., provides as follows:

"**939.66 Conviction of included crime permitted.** Upon prosecution for a crime, the actor may be convicted of either the crime charged *or an included crime,* but not both. An included crime may be any of the following:

" (1) A crime which does not require proof of any fact in addition to those which must be proved for the crime charged; or

" (2) A crime which is a less serious type of criminal homicide than the one charged; or

" (3) A crime which is the same as the crime charged except that it requires recklessness or negligence while the crime charged requires a criminal intent; or

" (4) An attempt in violation of s. 939.32 to commit the crime charged; or

" (5) The crime of attempted battery when the crime charged is rape, robbery, mayhem or aggravated battery or an attempt to commit any of them." (Emphasis supplied.)

Therefore, upon prosecution for this crime, the defendant could only have been convicted of an included crime.

In *State v. Melvin* (1970), 49 Wis. 2d 246, 249, 181 N. W. 2d 490, the defendant had requested, and the trial court refused, an instruction on a lesser nonincluded offense. It was held in *State v. Melvin, supra,* page 249, as follows:

"The trial court, by virtue of sec. 939.66, Stats., may instruct a jury in respect to an included crime as well as the crime charged, and the accused may be convicted of either but not both. The requested charge of possession of a pistol by a minor (sec. 941.22 (1) and (4)) was properly refused because it is not an included crime of attempted first-degree murder. It contains the element of minority which the greater crime does not. Melvin was a minor but that fact is immaterial to this appeal."

Under the present state of the law, a trial court is not permitted to instruct or submit a verdict on a lesser *not* included offense. Suffice it to say, we are not presently disposed to consider changing such a long-established statutory rule by case law precedent.

Finally, the defendant contends that if an instruction on a lesser *not* included offense was not appropriate, the trial court should have instructed the jury on the "defendant's theory" of the case. We do not agree. The law is well established that in order for a lesser-offense instruction to be given, it must appear upon a reasonable view of the evidence that it is doubtful that the greater offense has been committed. The defendant has no absolute right to demand that the jury be instructed on the elements of a lesser included crime. *State v. Zdiarstek* (1972), 53 Wis. 2d 776, 786, 193 N. W. 2d 833.

*By the Court.*—Judgment and order affirmed.