STATE of Wisconsin, Plaintiff-Respondent,†

v.

Anthony D. BONDS, Defendant-Appellant.

Court of Appeals

*No. 90–1453–CR. Submitted on briefs January 2, 1991.—Decided March 5, 1991.*

(Also reported in 469 N.W.2d 184.)

†Petition to review granted.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Robert R. Henak* of *Shellow, Shellow & Glynn, S.C.* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, and *William L. Gansner,* assistant attorney general.

Before Moser, P.J., Sullivan and Fine, JJ.

FINE, J.  Anthony D. Bonds appeals from a judgment convicting him of second degree sexual assault, in violation of section 940.225(2)(a), Stats. The judgment was entered on Bonds' guilty plea. Bonds also appeals from the trial court's denial of his motion for post-conviction relief. The various issues he raises on this appeal focus on his contention that the allegations in the criminal complaint, and the testimony adduced at the preliminary examination conducted pursuant to section 970.03, Stats., do not legally support the bindover either on that charge or any felony, or his guilty plea.[1] We agree.

---

[1] Section 970.03(7), Stats., provides:

## I.

The facts of this case are undisputed. The criminal complaint charging Bonds with second degree sexual assault under section 940.225(2)(a), Stats., alleged that the victim confronted Bonds in the boarding home where she lived. After she told Bonds that he was not supposed to be in the building, Bonds cursed and threatened her. When the victim turned to face Bonds, he, according to the complaint, "reached out with his hand and grabbed the nipple of her left breast and squeezed it very hard and pulled it, causing pain." The complaint further alleged that the victim then "knocked" Bonds' hand away from her, and that Bonds "started bringing his fist towards her face to punch her, but she grabbed his hand and bit his hand." The victim's testimony at the preliminary examination was substantially identical to these allegations, except that in response to a question posed by defense counsel she told the trial court that Bonds threw her to the floor after she bit him. The trial court found probable cause to believe that Bonds had committed a felony and bound him over for trial pursuant to section 970.03(7), Stats. The state filed an information charging Bonds with second degree sexual assault in violation of section 940.225(2)(a), to which Bonds pled guilty.

## II.

Section 940.225(2)(a), Stats., provides:

**Second Degree Sexual Assault.** Whoever does any of the following is guilty of a Class C felony:

---

If the court finds probable cause to believe that a felony has been committed by the defendant, it shall bind the defendant over for trial.

(a) Has sexual contact or sexual intercourse with another person without consent of that person *by use or threat of force or violence.*

(Emphasis added.) Bonds argues that because of section 940.225(2)(a)'s use of the word "by," a causal relationship must exist between the "use or threat of force or violence" and the sexual contact or sexual intercourse. He contends that there was no evidence, either as alleged in the criminal complaint or produced at the preliminary examination, that his sexual contact with the victim was accomplished either by "use . . . of force or violence" or by "threat of force or violence." Accordingly, he argues that he should have been charged with either fourth degree sexual assault under section 940.225(3m), Stats., a misdemeanor, or battery under section 940.19(1), Stats., also a misdemeanor, and that his felony-bindover and subsequent conviction for violating section 940.225(2)(a) were therefore improper.[2]

## III.

■ Although the State does not argue that Bonds' guilty plea precludes us from hearing his appeal, our jurisdiction is a matter that we must consider *sua sponte. Mack v. Joint School Dist. No. 3*, 92 Wis. 2d 476, 484, 285 N.W.2d 604, 608 (1979). There are two jurisdic-

---

[2]Section 940.225(3m), Stats., provides:

**Fourth Degree Sexual Assault.** Whoever has sexual contact with a person without consent of that person is guilty of a Class A misdemeanor.

Section 940.19(1), Stats., provides:

Whoever causes bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed is guilty of a Class A misdemeanor.

tional issues: the effect of Bonds' guilty plea on his right to challenge the allegedly defective criminal complaint, and the guilty plea's effect on his right to challenge the allegedly improper felony-bindover.

First, a criminal complaint whose averments allege no crime is void and does not give the court jurisdiction. *Champlain v. State,* 53 Wis. 2d 751, 754, 193 N.W.2d 868, 871 (1972). This jurisdictional defect cannot be waived by a guilty plea. *Ibid.* Here, however, as Bonds concedes, the averments in the criminal complaint did state the requisite elements of at least two crimes: fourth degree sexual assault and battery. Thus, the fact that the averments in the criminal complaint may not have supported the specific charge did not deprive the trial court of jurisdiction. *See State v. Lampe,* 26 Wis. 2d 646, 648, 133 N.W.2d 349, 351 (1965). By not raising "before trial by motion" the objection that the criminal complaint's allegations did not support the charge of second degree sexual assault, Bonds waived that defect. *See* sec. 971.31(2), Stats; *see also Clark v. State,* 62 Wis. 2d 194, 199, 214 N.W.2d 450, 453 (1974). Second, the right to a preliminary examination in Wisconsin is purely statutory, *State v. Dunn,* 121 Wis. 2d 389, 394, 359 N.W.2d 151, 153 (1984), and the loss of personal jurisdiction over a defendant that results from an improper bindover is waived by a guilty plea that does not preserve that defense, *Armstrong v. State,* 55 Wis. 2d 282, 285–286, 198 N.W.2d 357, 358 (1972). Therefore, both the allegedly defective criminal complaint and the allegedly defective felony-bindover were non-jurisdictional defects that could be, and were, waived by Bonds' guilty plea. We may, however, "review nonjurisdictional errors in the exercise of [our] discretion." *County of Racine v. Smith,* 122 Wis. 2d 431, 434, 362 N.W.2d 439, 441 (Ct.

App. 1984). In light of the important issue raised by this appeal, and since Bonds has also alleged that his counsel was ineffective for failing to challenge the criminal complaint and felony-bindover, it is efficient for us to consider the issue now because there are no disputes of fact or questions of strategy that would require an evidentiary hearing before the trial court. *See State v. Machner,* 92 Wis. 2d 797, 804, 285 N.W.2d 905, 908–909 (Ct. App. 1979) (Trial counsel whose effective assistance is challenged by a defendant must testify at hearing before the trial court so the trial court can determine "whether trial counsel's actions were the result of incompetence or deliberate trial strategies.").

## IV.

There are no reported appellate cases in Wisconsin deciding the precise issue presented here—namely, whether the "by use or threat of force or violence" language in section 940.225(2)(a), Stats., requires that the use or threat be the mechanism by which the sexual contact or sexual intercourse is accomplished rather than merely a concurrent circumstance. Resolution of this issue turns on the statute's meaning, which we must ascertain independently of the trial court's determination. *See Wellnitz v. Board of Fire & Police Comm'rs,* 151 Wis. 2d 306, 309, 444 N.W.2d 412, 414 (Ct. App. 1989).

Every word in a statute should be given effect, *Wisconsin Elec. Power Co. v. Public Serv. Comm'n,* 110 Wis. 2d 530, 534–535, 329 N.W.2d 178, 181 (1983), unless that would create an absurd result, *In re C.G.,* 154 Wis. 2d 298, 302–303, 453 N.W.2d 494, 496 (Ct. App. 1990). Section 940.225(2)(a), Stats., prohibits "sexual contact or

sexual intercourse . . . *by* use or threat of force or violence." (Emphasis added.) The legislature's use of the word "by" is not ambiguous. Rather, it clearly requires that there be a cause and effect relationship between the "use or threat of force or violence" and the prohibited sexual contact or intercourse. Simply put, it is not enough that the sexual contact or sexual intercourse be forceful or violent; the "use or threat of force or violence" must be the means by which the sexual assault is accomplished. *See* 1 T. Hammer & R. Donohoo, *Substantive Criminal Law in Wisconsin* sec. 572 (1988) (Use of the word "by" in section 940.225(2)(a) "implies the existence of a causal link between the force component and the sex act."). This analysis is consistent with the only commonly accepted definition of the word "by" that makes sense in the statute's context: "through the means or instrumentality of <put to death [by] the sword> <a town taken [by] force>." *Webster's Third New International Dictionary of the English Language* 307 (1976). It is also consistent with the Wisconsin Supreme Court's interpretation of section 940.225(2)(a), albeit in language not essential to the decision's specific holding, that the "force threatened and force applied" concept encompassed by the words "by use or threat of force or violence" means action that is "directed toward compelling the victim's submission." *State v. Baldwin,* 101 Wis. 2d 441, 451, 304 N.W.2d 742, 748 (1981).[3]

---

[3]As the dissent notes, the word "by" is a preposition. But this fact, by itself, proves nothing. There are approximately sixty prepositions in the English language. F.X. Braun, *English Grammar for Language Students* 15 (1947). "A *preposition* is a word that shows the relationship of a noun or a pronoun to some other word in a sentence." J.E. Warriner, W. Renison, F. Griffith, *English Grammar and Composition* 21 (1965) (emphasis in original). The specific relationship that is shown by a preposition

Under the undisputed facts in this case, neither Bonds' threatening manner prior to the sexual assault, the force and violence by which this assault occurred, nor the physical assault thereafter was, in the words of *Baldwin,* "directed toward compelling" her submission to the grabbing and pinching of her nipple.[4] Accordingly, the evidence at the preliminary examination did not establish probable cause that Bonds committed a felony in connection with the incident. Additionally, since Bonds pled guilty to a crime for which there was no

---

depends on the preposition's meaning. Thus, the preposition "by"—used by the legislature in formulating section 940.225(2)(a), Stats.—has a different meaning than the preposition "with"—which the legislature could have used but did not.

If the legislature had intended the meaning given to section 940.225(2)(a) by the dissent (namely, that the "use or threat of force of violence" need only be concurrent with the sexual contact or intercourse) the legislature would have chosen the preposition "with." The provision would then have read: "Whoever . . . [h]as sexual contact or sexual intercourse with another person without consent by that person *with* use or threat of force or violence" is guilty of a Class C felony. The legislature's use of the preposition "by" rather than the preposition "with" clearly indicates that the "use or threat" must be the mechanism by which the sexual contact or intercourse is accomplished.

[4]As noted, unconsented sexual contact with another that is not compelled by threat or actual force or violence is prohibited by section 940.225(3m), Stats. Additionally, unconsented sexual intercourse with another that is not compelled by threat or actual force or violence is prohibited by section 940.225(3), Stats. Furthermore, it is a Class C felony for someone to have unconsented sexual contact or unconsented sexual intercourse with another "and cause[ ] injury, illness, disease or impairment of a sexual or reproductive organ, or mental anguish requiring psychiatric care for the victim." Section 940.225(2)(b), Stats.

factual basis, his plea did not, as a matter of law, pass muster. *See* sec. 971.08(1)(b), Stats. (Prior to accepting a guilty plea, the trial court must be satisfied "that the defendant in fact committed the crime charged."); *see also United States v. Briggs,* 920 F.2d 287, 293 (5th Cir. 1991) (applying Rule 11(f) of the Federal Rules of Criminal Procedure, upon which section 971.08(1)(b), Stats., was patterned, *State v. Bangert,* 131 Wis. 2d 246, 260–261, 389 N.W.2d 12, 20 (1986)). Simply put, no defendant should be permitted to plead guilty to a crime that he or she did not commit. Bonds' conviction must be reversed.

We remand this case to the trial court with the following directions. First, Bonds is to be permitted to withdraw his guilty plea. Second, the felony-bindover is to be vacated. Following remand, the case may proceed pursuant to section 970.03(8), Stats.[5] *See Briggs,* 920 F.2d at 293–296 (criminal proceedings may continue against defendant who successfully challenges guilty plea as lacking the factual basis required by Rule 11(f) of the Federal Rules of Criminal Procedure).

*By the Court.*—Judgment and order reversed, and cause remanded with directions.

SULLIVAN, J. *(dissenting).* The criminal complaint, in my opinion, alleges that Anthony D. Bonds committed an offense cognizable by sec. 940.225(2)(a), Stats. The preliminary hearing contains facts sufficient to establish probable cause to believe that Bonds committed the offense, thereby justifying a trial.

---

[5]Section 970.03(8), Stats., provides:

If the court finds that it is probable that only a misdemeanor has been committed by the defendant, it shall amend the complaint to conform to the evidence. The action shall then proceed as though it had originated as a misdemeanor action.

614

The majority correctly recites the facts material to these issues. The nub of the majority's mischance is its ripping of the word "by" from its statutory context. *See* sec. 940.225(2)(a). "By" is more than an amorphous word. It is a preposition[1] and commands two disjunctive phrases: (1) by use of force or violence; or (2) by threat of force or violence.

When Bonds, under the circumstances presented, grabbed the victim's breast, he clearly ran afoul of the statute's unambiguous proscription against nonconsensual sexual contact "by use . . . of force or violence."

I would affirm.

---

[1]A preposition is an expression governing a substantive in the objective case and joining this substantive to some other element in the sentence. Pence & Emery, *A Grammar of Present Day English* 111 (2d ed. 1963).