STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Anthony D. BONDS, Defendant-Appellant.†

Supreme Court

*No. 90-1453-CR. Oral argument October 30, 1991.—Decided
December 4, 1991.*

(Also reported in 477 N.W.2d 265.)

†Motion for reconsideration denied.

27

For the plaintiff-respondent-petitioner the cause was argued by *William L. Gansner,* assistant attorney general, with whom on the briefs was *James E. Doyle,* attorney general.

For the defendant-appellant there was a brief by *Robert R. Henak* and *Shellow, Shellow & Glynn, S.C.,* Milwaukee, and oral argument by *Mr. Henak.*

STEINMETZ, J. The issue in this case is whether a defendant's use of force in making sexual contact with his victim by forcibly grabbing her nipple and then squeezing and pulling it, constitutes the crime of second degree sexual assault as proscribed by sec. 940.225(2)(a), Stats.[1]

---

[1]Under sec. 940.225(2)(a), one is guilty of a Class C felony for

The defendant negotiated a guilty plea and was sentenced to six years in prison by Milwaukee county circuit court Judge Frank T. Crivello. On appeal the court of appeals held that the defendant's actions did not constitute sexual contact "by use or threat of force or violence" and therefore did not fall under second degree sexual assault. *State v. Bonds,* 161 Wis. 2d 605, 469 N.W.2d 184 (Ct. App. 1991). The court of appeals reversed Bonds' conviction and remanded the case to the trial court with specific directions.[2] This court concludes that the defendant's actions constitute second degree sexual assault, and we thereby reverse the decision of the court of appeals.

The facts of the case are undisputed. The victim was confronted by Bonds in the boarding house where she resided. Bonds had previously lived in the building but because of certain problems was told to move. When the victim saw Bonds, she told him that a guard was waiting for him downstairs. She then proceeded to return to her room. Bonds began to utter profanities and followed her back to her apartment.[3] When the victim turned to confront Bonds, he reached out his hand, grabbed the nipple of her left breast, squeezed and pulled it, causing pain. She responded by knocking Bonds' hand away. Bonds then attempted to bring his fist

---

second degree sexual assault when an individual "[h]as sexual contact or sexual intercourse with another person without consent of that person *by use or threat of force or violence."* (Emphasis added.)

[2]The directions were as follows: "First, Bonds is to be permitted to withdraw his guilty plea. Second, the felony-bindover is to be vacated. Following remand, the case may proceed pursuant to section 970.03(8), Stats."

[3]The victim could not recall exactly what was said; however, she considered the verbiage to be threatening.

toward her face. The victim grabbed Bonds' hand and bit it. The defendant claimed at the plea hearing that when he squeezed and pulled the victim's nipple he did so intending to hurt her, not to violate her sexually.

Bonds asserts that he should be charged with a misdemeanor rather than a felony.[4] The defendant argues that the statutory element "by use or threat of force or violence" in sec. 940.225(2)(a), Stats., requires that a causal relationship exists between the "use or threat of force or violence" and the sexual contact or intercourse. He contends that the statutory requirement of sexual contact or intercourse "by use or threat of force or violence" is not satisfied where, as in the present situation, the force used is the force applied in the sexual contact. It is argued that the statutory element could be satisfied only where the force used or threatened was the means or mechanism by which the sexual contact or intercourse was accomplished. The court of appeals agreed and reasoned:

> The legislature's use of the word 'by' is not ambiguous. Rather, it clearly requires that there be a cause and effect relationship between the 'use or threat of force or violence' and the prohibited sexual contact or intercourse. Simply put, it is not enough that the sexual contact or sexual intercourse be forceful or violent; the 'use or threat of force or violence' must be the means by which the sexual assault is accomplished.

---

[4]Bonds argues that he should have been charged with either the misdemeanor under sec. 940.225(3m), Stats., fourth degree sexual assault, or under sec. 940.19(1), Stats., battery. Fourth degree sexual assault does not require a showing of force, violence or injury. *See* sec. 940.225(3m), Stats. Second degree sexual assault, however, is classified as a felony and requires a showing of force, violence or injury. *See* sec. 940.225(2), Stats.

*Bonds,* 161 Wis. 2d at 612.

The court of appeals refers to *State v. Baldwin,* 101 Wis. 2d 441, 451, 304 N.W.2d 742 (1981), which states that the " 'force threatened and force applied' concept encompassed by the words 'by use or threat of force or violence' means action that is 'directed toward compelling the victim's submission.' " *Bonds,* 161 Wis. 2d at 612 (*quoting Baldwin,* 101 Wis. 2d at 451). The court opined that the force applied by Bonds was not " 'directed toward compelling' her submission to the grabbing and pinching of her nipple." *Bonds,* 161 Wis. 2d at 613. The court of appeals stated that: "it is not enough that the sexual contact . . . be forceful or violent; the 'use or threat of force or violence' must be the means by which the sexual assault is accomplished." *Id.* at 612. We find no support for this conclusion and disagree with the court of appeals interpretation of sec. 940.225(2)(a), Stats.

In statutory construction, courts are to give effect to the intent of the legislature. This begins with the language of the statute itself. *Marshall-Wis. v. Juneau Square,* 139 Wis. 2d 112, 133, 406 N.W.2d 764 (1987). We give the language its ordinary and accepted meaning. *West Allis v. Rainey,* 36 Wis. 2d 489, 395, 153 N.W.2d 514 (1967). By its very terms, sec. 940.225(2)(a), Stats. prohibits nonconsensual sexual contact "by use or threat of force or violence." Sexual contact under this section includes "actual or attempted battery."[5] Battery occurs

---

[5] "Sexual contact" is defined in sec. 940.225(5)(b), Stats., as "any intentional touching by the complainant or defendant, either directly or through clothing by the use of any body part or object, of the complainant's or defendant's *intimate parts* if that intentional touching is either for the purpose of sexually degrading or for the purpose of sexually humiliating the complainant or

when one "causes bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed . . .." *See* sec. 940.19(1), Stats.

The defendant admitted using force and conceded that he had intended to hurt his victim. Section 940.225(2)(a), Stats., does not state that the force used or threatened may not be the force employed in the actual nonconsensual contact. Nor does it state that the force must be directed toward compelling the victim's submission. The phrase "by use of force" includes forcible contact or the force used as the means of making contact.

We recognize that the force element of sexual assault "maintains the proscription against force or compulsion not as separate and distinct forms of conduct, but as a more generalized concept of conduct, including force threatened and force applied, directed toward compelling the victim's submission." *Baldwin,* 101 Wis. 2d at 451. Force used at the time of contact can compel submission as effectively as force or threat occurring before contact. Regardless of when the force is applied, the victim is forced to submit. When force is used at the time of contact, the victim has no choice at the moment of simultaneous use of force and making of contact. When force is used before contact, the choice is forced. In both cases, the victim does not consent to the

sexually arousing or gratifying the defendant *or if the touching contains the elements of actual or attempted battery under s. 940.19(1).* (Emphasis added.)

"Intimate parts" is defined in sec. 939.22(19), Stats., and includes any of the following: "breast, buttock, anus, groin, scrotum, penis, vagina or pubic mound of a human being."

contact.[6]

■

We conclude that based on the plain language of the statute, the defendant falls within second degree sexual assault because he made sexual contact of a complainant's intimate part through the means of actual or attempted battery. The defendant's guilty plea for the crime of second degree sexual assault is reinstated as is his conviction and sentence.

*By the Court.*—The decision of the court of appeals is reversed.

---

[6]Consent under sec. 940.225(4), Stats., reads in part as: words or overt actions by a person who is competent to give informed consent indicating a freely given agreement to have sexual intercourse or sexual contact . . ..