STATE of Wisconsin, Plaintiff-Respondent,

v.

Earl L. DIEHL, Defendant-Appellant.†

Court of Appeals

*Nos. 95–2444–CR, 95–2445–CR, 95–2446–CR, 95–2447–CR.
Submitted on briefs April 12, 1996.—Decided September 26, 1996.*

(Also reported in 555 N.W.2d 174.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *William E. Schmaal*, assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Mary E. Burke*, asst. attorney general.

Before Vergeront, J., and Paul C. Gartzke and Robert D. Sundby, Reserve Judges.

VERGERONT, J.　Earl Diehl appeals from judgments convicting him of five criminal offenses and orders denying his motions to withdraw his no contest pleas to each of the offenses.[1] Diehl pleaded no contest to each of the offenses at a consolidated plea hearing. Diehl's argument on appeal centers on the oral amendment to the information made in one of the cases at the plea hearing. The oral amendment, agreed to by Diehl at the plea hearing, substituted a misdemeanor bail jumping charge for another charge. According to Diehl, the amended charge was "legally ineffective" because it did not allege that he *intentionally* violated a condition of his release on bond and did not specify which of several bond condition violations formed the basis of the charge. Therefore, Diehl contends, his pleas to the

[1] We consolidated Diehl's four appeals: (1) Case No. 95-2444-CR—an appeal of his conviction for operating a motor vehicle after revocation (#92-CT-1984) in violation of § 343.44, STATS.; (2) Case No. 95-2445-CR—an appeal of his conviction for operating a motor vehicle after revocation (#93-CT-369) in violation of § 343.44, STATS.; (3) Case No. 95-2446-CR—an appeal of his conviction for operating a motor vehicle while intoxicated (#93-CT-1494) in violation of § 346.63(1)(a), STATS.; and (4) Case No. 95-2447-CR—an appeal of his conviction for second-degree reckless endangering safety and bail jumping (#93-CF-1402) in violation of §§ 941.30(2) and 946.49(1)(a), STATS.

4

bail jumping charge were unknowing and involuntary as a matter of law, and the trial court erred in not permitting him to withdraw all his pleas. We reject Diehl's contentions and affirm.

## BACKGROUND

Diehl was charged with eight criminal offenses in six separate trial court cases. The trial court held a single consolidated plea hearing disposing of all the cases. The complaint in #93-CT-1495 charged Diehl with operating a motor vehicle after revocation as a habitual traffic offender. The prosecutor informed the court that, pursuant to a plea agreement, this charge would be amended to misdemeanor bail jumping.[2] As a factual basis for the bail jumping charge, the prosecutor stated that Diehl had previously been placed on bail for two prior operating-after-revocation charges; that a condition of bail in both cases was that Diehl not operate a motor vehicle; and that Diehl violated this condition by driving again. Diehl's attorney stipulated that Diehl had previously been released on bond, that Diehl was aware of the bond and its conditions, including the condition that he not violate any criminal laws of the State of Wisconsin, and that Diehl violated that condition of bond by committing another operating-after-revocation offense. Diehl affirmed that this was his understanding of the factual basis.

Diehl's attorney also stipulated that the predicate prior offense for purposes of the repeater allegation in

---

[2] Section 946.49(1)(a), STATS., provides:

(1) Whoever, having been released from custody under ch. 969, intentionally fails to comply with the terms of his or her bond is:

(a) If the offense with which the person is charged is a misdemeanor, guilty of a Class A misdemeanor.

5

felony count #93-CF-1402 could be applied to this amended bail jumping charge without further filing. The information in #93-CF-1402 charged Diehl with three counts of recklessly endangering safety, a Class E felony, as a repeater. As the prosecutor first explained the plea agreement on #93-CF-1402, Diehl was going to plead no contest to the first count and the State would move to dismiss the second and third counts.

Then, apparently because of a concern as to how the repeater allegations in #93-CF-1402 could be applied to the amended charge of bail jumping in #93-CT-1495, the prosecutor, with the agreement of Diehl's counsel, advised the court that instead of amending the charge in #93-CT-1495, they wanted to dismiss that case and handle the second count in #93-CF-1402 exactly as they had agreed to handle #93-CT-1495: count two in #93-CR-1402 would be amended to misdemeanor bail jumping and Diehl would enter a plea to that amended count. He would also enter a plea to count one; count three would be dismissed; and the repeater allegations would remain for both count one and the amended count two.

The prosecutor also explained the other aspects of the plea agreement. The court asked both Diehl and his counsel whether what the prosecutor had explained was "overall" their understanding of the plea agreement and each answered yes. The court then engaged in a colloquy with Diehl with respect to each of the cases. Concerning the bail jumping charge, the following colloquy took place:

> THE COURT: Count 2 [in #93-CF-1402] would be amended to misdemeanor bail jumping which carries a maximum penalty of $10,000 or six months imprisonment or both in that charge. By

entering a no contest plea, you would be saying that the State could prove that while you were under bail under Chapter 969 of the Wisconsin Statutes, that you failed to comply with the terms and conditions of that bond. More specifically, that you were not to operate or drive any motor vehicle during the pendency of these cases. Do you understand that?

THE DEFENDANT: Yes.

Before accepting the pleas in all the cases, the trial court explained the total penalties Diehl was facing, enumerated the rights Diehl was giving up by entering no contest pleas, ascertained that Diehl had twelve years of formal education, that no threats or promises had been made other than the described plea agreement, and that Diehl was not having any difficulty understanding the plea agreement and had no questions. Diehl's counsel stipulated, in response to the court's question, that the factual portion of the criminal complaints were sufficient to sustain the necessary findings to uphold the pleas and that, with respect to the amended count two in #93-CF-1402, the prosecutor's offer of proof was sufficient to sustain the charge.

The trial court entered judgments of conviction in each case and sentenced Diehl. In #93-CF-1402, the court imposed a term of five years in the Department of Intensive Sanctions with up to one year of incarceration on the second-degree reckless endangerment conviction, and a concurrent two-year term of probation on the bail jumping conviction.

In his postconviction motions,[3] Diehl sought to withdraw each of his no contest pleas on the ground that they were "uninformed as a matter of law, in that the plea agreement integrates an orally-amended

[3] Diehl filed identical postconviction motions in each of the four trial court cases now on appeal.

7

count (i.e., misdemeanor bail jumping) . . . which is a legal impossibility by virtue of its failure to sufficiently individuate the crime in time and place so as to charge an offense." At the postconviction hearing, Diehl argued that the oral amendment failed to charge a crime because: (1) it did not allege an essential element of bail jumping—that he intentionally violated a condition of his bond—or, alternatively, refer to the bail jumping statute by number; and (2) it did not specify which of several possible bail bond violations formed the basis of the bail jumping charge.[4]

The trial court denied the motions. The court reviewed the transcript of the plea hearing and concluded that Diehl understood that the bond condition that formed the basis of the bail jumping charge was that he not drive a motor vehicle during the pendency of his cases. The court also concluded that the failure to allege that Diehl *intentionally* violated the condition of his bond did not "water . . . down the overall concept or depth of the facts as to result in Mr. Diehl not understanding what we were talking about." The court recognized that a court should always have a concern when accepting oral amendments to a pleading but concluded that Diehl did have notice of the charge to which he was entering a plea and did enter a knowing and voluntary plea.

---

[4] After Diehl was arrested for operating a motor vehicle after revocation in #93-CT-1984, Diehl was placed on bond with a condition that he not operate a motor vehicle. Diehl violated this condition when he was charged with a second operating a motor vehicle after revocation offense in #93-CT-369. A condition of bond in #93-CT-369 was that Diehl not operate a motor vehicle. Diehl violated the conditions of both bonds when he was charged with a third operating a motor vehicle after revocation offense in #93-CT-1495.

## DISCUSSION

Whether to permit a defendant to withdraw his no contest plea lies within the discretion of the trial court. *State v. Harrell*, 182 Wis. 2d 408, 414, 513 N.W.2d 676, 678 (Ct. App. 1994). We will reverse a trial court's decision only if the court has erroneously exercised its discretion. *Id*. A postconviction motion to withdraw a plea should only be granted when necessary to correct a manifest injustice. *State v. Woods*, 173 Wis. 2d 129, 136, 496 N.W.2d 144, 147 (Ct. App. 1992). A plea which is not knowingly, voluntarily and intelligently entered is a manifest injustice. *Harrell*, 182 Wis. 2d at 414, 513 N.W.2d at 678. If a defendant establishes that he has been denied a relevant constitutional right, he may withdraw his plea as a matter of right. *State v. Carter*, 131 Wis. 2d 69, 79, 389 N.W.2d 1, 5 (1986).

Diehl first argues that the oral amendment failed to charge a crime because the element of intent was not alleged. According to Diehl, this deprived the court of jurisdiction and his no contest plea to the bail jumping charge was void *ab initio*. Diehl recognizes that a plea of guilty or no contest, made knowingly and voluntarily, waives all nonjurisdictional defects and defenses. *See State v. Aniton*, 183 Wis. 2d 125, 129, 515 N.W.2d 302, 303 (Ct. App. 1994). Diehl's point is that even if the entry of his plea was, in fact, knowing and voluntary, it did not waive the "defect" in the oral amendment because the failure to allege intent was a jurisdictional defect and cannot be waived.

None of the cases on which Diehl relies addresses the issue of jurisdiction in a context similar to this—that is, where the information alleged to be

9

defective was the result of an amendment agreed to in the context of a plea agreement. Indeed, while a number of cases cite the general rule—that a criminal complaint that alleges "no crime known to law" is jurisdictionally void and the defect is not waived by the entry of a plea or a guilty verdict—we have located only two decisions that actually hold that there was no jurisdiction in the case before it. In *Champlain v. State*, 53 Wis. 2d 751, 193 N.W.2d 868 (1972), the primary case on which the defendant relies, the court reversed a conviction after trial on one count because the information did not allege all the elements of that crime. The court stated that, "while a verdict can aid a charge or information which is defective, indefinite, but not void, a verdict cannot cure the absence in the information of a material element of a crime." *Id.* at 754, 193 N.W.2d at 870. Relying on *Champlain*, the court in *State v. Dreske*, 88 Wis. 2d 60, 81, 276 N.W.2d 324, 334 (Ct. App. 1979), also reversed a conviction after trial on one count because the information did not allege a crime.

The court in *Champlain* cited *State v. Lampe*, 26 Wis. 2d 646, 133 N.W.2d 349 (1965), as authority and *Lampe* relied on *In re Carlson*, 176 Wis. 538, 186 N.W. 722 (1922). Although *Carlson* involved a guilty plea, it did not concern a stipulated amendment to the information. *Carlson* was a petition for habeas in which the prisoner alleged that he had pleaded guilty to first-degree murder but that the information did not charge that crime. The court agreed that the information did not charge that crime but concluded that the information did charge the crime of aiding in the commission of first-degree manslaughter. *Carlson*, 176 Wis. at 549, 186 N.W. at 726. The trial court therefore had the jurisdiction to proceed and to accept his guilty plea to first-degree murder. *Id.* at 554, 186 N.W. at 728. The court

acknowledged that it was error for the court to accept the plea and sentence to a crime not charged, which was a more serious crime. *Id.* But since the court had jurisdiction, the error could not be remedied on a habeas petition. *Id.* at 554, 186 N.W. at 727.

Subject matter jurisdiction, with which we are here concerned, is the power of the court to determine the facts, apply the law and set the penalty. *Clark v. State*, 62 Wis. 2d 194, 200, 214 N.W.2d 450, 453 (1974). For this reason, if an information does state the elements of a crime, even if it is not the crime in the statute cited in the information, that defect is not jurisdictional. *See State v. Bonds*, 161 Wis. 2d 605, 610, 469 N.W.2d 184, 186 (Ct. App. 1991), *reversed on other grounds*, 165 Wis. 2d 27, 477 N.W.2d 265 (1991) (where defendant pleaded guilty to a charge that was not supported by averments in complaint, but complaint did state elements of another crime, defect in complaint is not jurisdictional and is waived by guilty plea).

Diehl does not allege that the original information filed in #93-CF-1402, or in any of the other cases, was defective. The court had the power at the beginning of the plea hearing to accept pleas and impose sentences. Diehl's argument would require us to conclude that, although the court had jurisdiction over all the counts in all the informations, including count two in #93-CR-1402, the court "lost" jurisdiction over that count because the prosecutor's oral amendment to that count did not specifically state that Diehl intentionally violated the bail condition or cite the statute.[5] Diehl does

---

[5] An information that does not allege all the elements of a crime but includes a correct citation to the applicable substantive criminal statute is jurisdictionally sufficient. *State v. Petrone*, 161 Wis. 2d 530, 558, 468 N.W.2d 676, 686 (1991).

11

not point to any authority that supports this proposition, and we have been able to locate none.

Although Diehl phrases his argument in terms of jurisdiction, he raises it in the context of a motion to withdraw his pleas. But we fail to see how, if the problem is one of the court's lack of jurisdiction, the proper remedy is plea withdrawal. When the court in *Champlain* determined that the information did not charge a crime known to law, the court reversed the conviction and sentence based on that count, with no new trial on that count. *Champlain*, 53 Wis. 2d at 753-54, 759, 193 N.W.2d at 868, 874. By analogy, if the trial court here did not have jurisdiction over the amended bail jumping count, it would seem we should order reversal of the conviction and sentence based on that count. Diehl does not contend that we should, no doubt seeing the anomalous result: unless the original count two (recklessly endangering safety) were somehow reinstated, the result would be that both the "defective" amended count and the original sufficient count would be dismissed. We mention this simply to make the point that Diehl does not explain how the cases he cites support the result he seeks.

█

We conclude that we should not apply the jurisdictional analysis in *Champlain* to this context—where the alleged deficiency in the amendment is an oral amendment pursuant to a plea agreement. We think the better approach in this context is to employ the analysis used to determine whether a plea is knowingly, voluntarily and intelligently made. *See State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986). This approach will accomplish what should be the goal here: to make sure that Diehl understood the crimes to which he was pleading no contest.

Diehl did not assert in his motion, and does not contend on appeal, that he did not understand that the violation of the bond condition had to be intentional. Without such an assertion, he has not met one of the two required threshold requirements for challenging a plea as unknowing or involuntary. *See State v. Giebel*, 198 Wis. 2d 207, 216, 541 N.W.2d 815, 817-18 (Ct. App. 1995) (defendant challenging plea must make showing of prima facie violation of § 971.08(1)(a), STATS., or other mandatory duties, and must allege he or she did not in fact know or understand the information that should have been provided).

Diehl also contends that the oral amendment was deficient because it did not sufficiently describe the crime of bail jumping as to time and circumstances. Diehl does not contend this is a jurisdictional defect. We see no reason why this objection to the oral amendment would not be waived by the entry of the guilty plea. Insofar as Diehl argues that his plea was not knowingly and voluntarily entered because he did not understand which bond violation formed the basis for the crime of bail jumping, this argument fails because he has never asserted that he did not in fact understand this. *See Giebel*, 198 Wis. 2d at 216.[6]

*By the Court.*—Judgments affirmed.

---

[6] We note that this appeal offers a good example of problems that arise when an amendment to an information, agreed to in the context of a plea agreement, is made orally. The better practice is for the trial court to require the State to file an amended information prior to presenting a plea agreement to the court.