STATE of Wisconsin, Plaintiff-Respondent,

v.

Gilbert E. ARCHAMBEAU, Defendant-Appellant.†

Court of Appeals

*No. 94–0397–CR. Submitted on briefs August 25, 1994.—Decided September 14, 1994.*

(Also reported in 523 N.W.2d 150.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Leonard D. Kachinsky* of *Kachinsky Law Offices* of Neenah.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Jerome S. Schmidt*, assistant attorney general.

Before Anderson, P.J., Brown and Nettesheim, JJ.

BROWN, J.   Gilbert E. Archambeau pled no contest to issuing a worthless check. The trial court accepted the complaint and the preliminary examination testimony as the factual bases for accepting the plea. Now, Archambeau complains that the factual underpinning was unsatisfactory because the complaint and preliminary testimony show that the check was for past consideration, not present consideration. Although Archambeau is correct that a worthless check charge may not be brought for past consideration, his check was for present consideration. We affirm both the judgment of conviction and the order denying the postconviction motion.

Archambeau was involved in an auto accident which caused damage to a jeep belonging to Gary Voightschild. The two agreed that Archambeau would pay for the repairs, either through Archambeau's auto-

mobile insurer or by Archambeau himself if Voightschild would pay the deductible of $250. The jeep was taken to Precision Auto Body in Neenah and Voightschild paid the $250. When the jeep was repaired, Voightschild contacted Archambeau who presented Voightschild with a check made out to Precision Auto Body for $2784.92, the amount of the bill less $250. Voightschild, in turn, presented the check to Precision and regained possession of his jeep. The check bounced and Precision called Voightschild to inform him of that. Voightschild thereafter attempted, unsuccessfully, to get Archambeau to pay. Subsequently, the State issued a complaint against Archambeau for issuing a worthless check.

The complaint averred that Archambeau himself presented the check in payment for the jeep that was returned marked "insufficient funds." At the preliminary examination, Voightschild testified regarding the facts set forth above. After being bound over, Archambeau decided to plead no contest. Following entry of the plea, the trial court said that "[t]here is a factual basis set forth in the documentation in the complaint and information, and the Court accepts the plea . . .." Archambeau was placed on probation for two years subject to the condition that he make restitution of $3462.36.

After conviction, Archambeau brought a postconviction motion challenging, among other things, the factual underpinning of the charge. The trial court stated that "[t]here was a record of a prelim and the complaint, so the Court after inquiry found that the plea was freely, voluntarily, and intelligently made." Archambeau then brought this appeal.

While a defendant who pleads no contest generally waives the right to raise nonjurisdictional defects and defenses, a criminal complaint whose averment alleges no crime is void and does not give the court jurisdiction and that jurisdictional defect cannot be waived by a guilty plea. *State v. Bonds,* 161 Wis. 2d 605, 610, 469 N.W.2d 184, 186 (Ct. App.), *rev'd on other grounds,* 165 Wis. 2d 27, 477 N.W.2d 265 (1991).

Archambeau argues that his check was given for past consideration and contends that a check given for past consideration is not punishable as a crime under the worthless check statute. He notes that while § 943.24(2), STATS., prohibits the issuance of any check or other order for payment which he or she intends shall not be paid, subsec. (4) provides that "[t]his section does not apply to a postdated check or to a check given for past consideration, except a payroll check." There are no published Wisconsin cases defining the term "past consideration." However, Archambeau cites three attorney general's opinions that he claims to be instructive.

In a 1922 opinion, the attorney general was asked whether bad checks issued to pay for ice cream previously delivered from factories constituted a violation of the worthless check statute. The attorney general answered:

> When credit has been extended to the debtor it is difficult to see how he can defraud the creditor by issuing a check on a bank where he has no funds. He does not obtain money or other property by his implied false representations.

11 Op. Att'y Gen. 137, 140 (1922). This opinion was bolstered in a 1926 opinion involving a bad check in

payment of an open garage account. The attorney general opined that an open credit arrangement constituted a past due debt to which the worthless check statute did not apply. 15 Op. Att'y Gen. 499, 501 (1926). In 1977, the attorney general considered whether a worthless check charge could be issued when a buyer of corn paid two days later with a bad check. The attorney general wrote:

> The history of the development of § 943.24, Stats., suggests that checks given either for services already performed or for goods already received, or for a past due obligation, are examples of transactions involving past consideration because in each case the drawer is not receiving anything of value *at the time the check is issued*.

66 Op. Att'y Gen. 168, 174 (1977) (emphasis added). Archambeau contends that the bad check must have been made to receive something of value at the time the check was issued in order to be criminally actionable under the worthless check statute. He argues that his check was a payment for services already rendered. Therefore, the factual basis alleged no crime and the judgment is void.

The State does not dispute Archambeau's proposed definition of "past consideration." In fact, it agrees that the 1977 attorney general opinion accurately defines the term. We agree and specifically adopt the 66 Op. Att'y Gen. 168, 174 (1977) opinion of the attorney general as defining "past consideration" under our worthless check statute.

The question remaining is whether Archambeau's check was for past consideration. We agree with the State that it was not. The check was made payable to Precision Auto Body and not to Voightschild. The pur-

pose of the check, at least in part, was to provide an inducement to Precision to release its possessory lien under § 779.41, STATS. That statute provides that a mechanic may retain possession of personal property until the charges are paid. Once relinquished, the mechanic may not reassert the lien. *See M & I Western State Bank v. Wilson,* 172 Wis. 2d 357, 361, 493 N.W.2d 387, 389 (Ct. App. 1992). The release of the jeep from the possessory lien was present consideration. *See Chudnow Constr. Corp. v. Commercial Discount Corp.,* 48 Wis. 2d 653, 658, 180 N.W.2d 697, 699 (1970).

Archambeau argues that since he did not personally hand the check to Precision, he cannot be said to have written the check with the purpose to release the mechanic's lien. He notes that he gave the check to Voightschild and argues that it was Voightschild who had the purpose of tendering the check in order to regain possession of his jeep.

We disagree. Archambeau made the check out to Precision. Obviously, he wanted to placate Voightschild by paying Precision so that Voightschild could get his jeep back. Voightschild therefore was acting as Archambeau's agent in order to release the mechanic's lien. We hold that Archambeau's check was for the purpose of releasing the mechanic's lien constituting sufficient present consideration to effectuate that purpose.

*By the Court.*—Judgment and order affirmed.