STATE of Wisconsin, Plaintiff-Respondent,

v.

Keefe S. ADAMS, Defendant-Appellant. †

Court of Appeals

*No. 96–1680–CR. Submitted on briefs December 9, 1996.—Decided December 19, 1996.*

(Also reported in 558 N.W.2d 923.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Donald T. Lange*, asst. state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Michael R. Klos*, asst. attorney general.

Before Dykman, P.J., Vergeront and Deininger, JJ.

VERGERONT, J. Keefe Adams appeals from a judgment of conviction of four counts of battery by a prisoner as an habitual offender contrary to §§ 940.20(1) and 939.62, STATS. The sole issue on appeal is whether the conviction and sentence must be vacated and the case dismissed because the State did not bring the case on for trial within 120 days after Adams filed a request for a prompt disposition of charges. We conclude that Adams did not make a request for a prompt disposition in the manner required by § 971.11, STATS., which governs prompt disposition of intrastate detainers, and therefore the time limits of that statute do not apply. We affirm the conviction.

## BACKGROUND

The incident giving rise to the charges occurred at the Waupun Correctional Institute [WCI] on May 23, 1992. The complaint, filed on August 24, 1994, alleged that Adams was an inmate at WCI and requested that a detainer be placed on Adams. The court conducted an initial appearance on September 19, 1994, at which

Adams appeared with counsel. The preliminary hearing, originally scheduled for September 27, 1994, was postponed at the request of Adams' counsel to permit him to withdraw due to a potential conflict of interest. The rescheduled date of November 29, 1994, was postponed on the State's motion and by stipulation of defense counsel, due to the prosecutor's scheduling conflict. Shortly thereafter the court sent out notice of a new preliminary hearing date of February 13, 1995.

On December 7, 1994, Adams, acting pro se, filed a motion demanding a speedy trial pursuant to the federal and state constitutions and §§ 971.10 and 971.11, STATS. On February 13, 1995, the preliminary hearing was rescheduled a third time, at the prosecutor's request and over the objection of defense counsel. The trial court determined there was cause for the continuance because the prosecutor had not been served with a notice of the hearing date. The court set a new preliminary hearing date of March 13, 1995.

Adams was bound over for trial on March 13, 1995. On March 20, 1995, the district attorney filed the information, which realleged the four counts in the complaint. On March 21, 1995, Adams with counsel appeared at arraignment and entered not guilty pleas. On March 29, 1995, the court mailed a notice to the parties scheduling a jury trial for May 31, 1995. Adams filed a motion to dismiss through counsel asserting that Adams' right to a speedy trial under § 971.11, STATS., had been violated because Adams was entitled to a trial within 120 days of his December 7, 1994 request for a speedy trial.[1] The court denied the motion. The case went to trial and Adams was convicted on all four counts.

---

[1] The request is dated December 4, 1994, but the file stamp shows it was received by the court on December 7, 1994.

## DISCUSSION

Resolution of this appeal requires an interpretation of § 971.10, STATS., Speedy Trial, and § 971.11, STATS., Prompt Disposition of Intrastate Detainers. The interpretation of a statute is a question of law, which we review de novo. *Wisconsin Dept. of Revenue v. Milwaukee Brewers*, 111 Wis. 2d 571, 577, 331 N.W.2d 383, 386 (1983). In construing a statute, our purpose is to ascertain and give effect to the legislative intent. *Dieckhoff v. Severson*, 145 Wis. 2d 180, 189, 426 N.W.2d 71, 73 (Ct. App. 1988). We first look to the language of the statute and if that language is unambiguous, our duty is to give the language its ordinary meaning. *Id.* at 189-90, 426 N.W.2d at 73.

The relevant portions of § 971.10, STATS., are:

**Speedy trial**

. . . .

(2)(a) The trial of a defendant charged with a felony shall commence within 90 days from the date trial is demanded by any party in writing or on the record. If the demand is made in writing, a copy shall be served upon the opposing party. The demand may not be made until after the filing of the information or indictment.

(b) If the court is unable to schedule a trial pursuant to par. (a), the court shall request assignment of another judge pursuant to s. 751.03.

(3)(a) A court may grant a continuance in a case, upon its own motion or the motion of any party, if the ends of justice served by taking action outweigh the best interest of the public and the defendant in a speedy trial. A continuance shall not be granted under this paragraph unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of

justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

The relevant portions of § 971.11, STATS., are:

**Prompt disposition of intrastate detainers.** (1) Whenever the warden or superintendent receives notice of an untried criminal case pending in this state against an inmate of a state prison, the warden or superintendent shall, at the request of the inmate, send by certified mail a written request to the district attorney for prompt disposition of the case. The request shall state the sentence then being served, the date of parole eligibility, the approximate discharge or conditional release date, and prior decision relating to parole. If there has been no preliminary examination on the pending case, the request shall state whether the inmate waives such examination, and, if so, shall be accompanied by a written waiver signed by the inmate.

(2) If the crime charged is a felony, the district attorney shall either move to dismiss the pending case or arrange a date for preliminary examination as soon as convenient and notify the warden or superintendent of the prison thereof, unless such examination has already been held or has been waived. After the preliminary examination or upon waiver thereof, the district attorney shall file an information, unless it has already been filed, and mail a copy thereof to the warden or superintendent for service on the inmate. The district attorney shall bring the case on for trial within 120 days after receipt of the request subject to s. 971.10.

Adams argues that the trial court erroneously ruled that a request for a prompt trial under § 971.11,

STATS., may not be made until after an information is filed. The State concedes that a request under § 971.11, unlike a request under § 971.10, STATS., may be made before an information is filed, but contends that Adams did not follow the procedure for making a request under § 971.11. Therefore, according to the State, the time limits of § 971.10, not § 971.11 apply: Adams was entitled to a trial ninety days from his request but could not make the request until after an information was filed, meaning that a trial within ninety days of March 20, 1995, satisfied the State's obligations under § 971.10. The State contends that this is the true basis for the trial court's ruling. Adams replies that any failure to comply with § 971.11 in making his request did not prejudice the State and therefore he is still entitled to the benefit of the time limits of § 971.11.

██

We need not decide the precise basis for the trial court's ruling because we review its interpretation of the statutes de novo. We agree with Adams and the State that the request under § 971.11, STATS., may be made before an information is filed.[2] However, we do not agree with Adams that his failure to make the request for prompt disposition as required by § 971.11 is immaterial. We conclude that the State's obligations under § 971.11 are triggered only by a request made in conformity with the plain language of § 971.11(1) that is, a request made to the warden or superintendent of the institution who then has a statutory obligation to

---

[2] In particular, we agree with the State's explanation that the phrase "subject to s. 971.10" in § 971.11(2), STATS., does not refer to the restriction in § 971.10(2)(a), STATS., concerning when the demand may be filed but instead refers to the court's authority to grant a continuance for the reasons specified in § 971.10(3).

send a written request to the district attorney by certified mail containing particular information.

We begin with the language of § 971.11(1), STATS. This plainly provides that it is the responsibility of the warden or superintendent, upon receiving notice of an untried case pending against an inmate of a state prison, to make a written request for a prompt disposition of the case to the district attorney if the inmate so requests. The manner of making the request—in writing and by certified mail—is specified, as is the contents of the request. Section 971.11(2) then describes in detail the duties of the district attorney to take particular steps to move the case along and ends with this obligation: "The district attorney shall bring the case on for trial within 120 days after receipt of the request subject to s. 971.10." The "after receipt of the request" plainly refers to the request made by the warden or superintendent in § 971.11(1).

Adams does not appear to argue that § 971.11(1) and (2), STATS., are ambiguous but nevertheless contends that a request does not need to be made as required by § 971.11(1), as long as the State does not show it was prejudiced by the lack of conformity. The language of the statute gives no hint that the legislature intended this. Adams provides no basis for reading this into the statute other than his general argument that the purpose of § 971.11 is to strengthen for inmates charged with crimes the speedy trial remedies that everyone charged with crimes has under § 971.10, STATS.

██

We agree that § 971.11, STATS., indicates a legislative intent to provide the option of a speedier disposition for inmates than for others charged with crimes: § 971.11 permits a request for prompt

dispositions to be filed immediately after the warden or superintendent receives notice of an intrastate detainer, rather than requiring that the information be filed first, as in § 971.10(2), STATS. However, the legislature has also chosen to impose different requirements for the request under § 971.11 than for the demand under § 971.10. The demand for a speedy trial under § 971.10(2)(a), may be "made by any party in writing or on the record. If the demand is made in writing, a copy shall be served upon the opposing party." Other than the requirement that the demand not be made until after the filing of the information or the indictment, there are no other requirements imposed on a demand under § 971.10. In notable contrast, the request for prompt disposition under § 971.11 is not made by a party but by the warden or superintendent at the inmate's request; it must be in writing; and it must be served by certified mail. Also, the request must contain detailed information that is not required under § 971.10.

It is evident that the legislature has chosen to condition the right to a speedier disposition for inmates under § 971.11, STATS., on compliance with a detailed procedure for invoking that right. The service by certified mail provides a certain method for notifying the district attorney of his or her increased obligations. Imposing a duty on the warden or the superintendent to provide certain information in the request contributes to a speedier process. The interpretation urged by Adams is inconsistent with the legislative intent because his interpretation injects uncertainty and complication into the procedure.

We conclude that the legislature intended that a request under § 971.11, STATS., must comply with

§ 971.11(1) in order to impose on the State the obligation to bring the case to trial within 120 days from the request. If a request does not do so but does comply with the requirements for a demand under § 971.10(2), STATS., then the State's obligations are as specified under § 971.10. Because Adams' request did not comply with § 971.11(1), he was not entitled to a trial within 120 days of the request. Any obligation the State had under § 971.10 was met because Adams had a trial within ninety days of the filing of the information.[3]

*By the Court.*—Judgment affirmed.

[3] Because of our disposition, we do not address the issue of the appropriate remedy had § 971.11, STATS., applied.