STATE of Wisconsin, Plaintiff-Appellant,†

v.

Christopher Lee DAVIS, Defendant-Respondent.

Court of Appeals

*No. 00–0889–CR. Submitted on briefs November 7, 2000.—Decided February 22, 2001.*

## 2001 WI App 63

(Also reported in 626 N.W.2d 5.)

†Petition to review granted.

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Michael R. Klos*, assistant attorney general, and *James E. Doyle*, attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Jane Krueger Smith* of Oconto Falls.

Before Vergeront, Deininger and Zappen, JJ.[1]

¶ 1. ZAPPEN, J. The State appeals from an order that dismissed a criminal prosecution with prejudice because the State violated WIS. STAT. § 971.11(2) (1999–2000),[2] a portion of Wisconsin's Intrastate Detainers Act. The State contends that the statute requires the court to dismiss the complaint without prejudice. Because we conclude that § 971.11 permits the circuit court to dismiss with prejudice, we affirm.

¶ 2. Wisconsin's Intrastate Detainers Act, WIS. STAT. § 971.11, permits an inmate of a state prison to request that a pending felony case against the inmate be brought to trial within 120 days after the district attorney receives a request for prompt disposition of the case. The act mandates dismissal if the case is not brought on for trial within the 120 days, providing in relevant part as follows:

**971.11 Prompt disposition of intrastate detainers.**

. . . .

(2) If the crime charged is a felony, the district attorney shall either move to dismiss the pending case or arrange a date for preliminary examination as soon as convenient and notify the warden or superintendent of the prison thereof, unless such examination has already been held or has been waived. After the preliminary examination or upon waiver thereof, the district attorney shall file an information, unless it has already been

---

[1] Circuit Judge Edward F. Zappen is sitting by special assignment pursuant to the Judicial Exchange Program.

[2] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

filed, and mail a copy thereof to the warden or superintendent for service on the inmate. The district attorney shall bring the case on for trial within 120 days after receipt of the request subject to s. 971.10.

. . . .

(7) If . . . any pending case . . . is not brought on for trial within the time specified in sub. (2) . . . the case shall be dismissed. . . .

## BACKGROUND

¶ 3. The facts are undisputed. On March 16, 1999, the district attorney for Dodge County filed a criminal complaint alleging that a Fox Lake Correctional Institution inmate, Christopher Davis, was involved in a conspiracy to deliver marijuana at Fox Lake. On March 23, 1999, the district attorney received Davis's request for prompt disposition of the case. This triggered the 120-day period during which the district attorney was required to bring the case to trial.

¶ 4. On January 3, 2000 and January 7, 2000, Davis filed requests for dismissal of the prosecution with prejudice because the district attorney had failed to bring Davis to trial within 120 days after the district attorney received the request for prompt disposition of his case. The circuit court ordered Davis's complaint to be dismissed with prejudice. The State appeals.

## DISCUSSION

¶ 5. Neither party questions the authority of the court to dismiss the criminal charges for a violation of the 120-day time deadline. The issue is whether the

circuit court may do so with prejudice. The State argues that the circuit court had no such authority.[3]

¶ 6. The State relies on *State v. Braunsdorf*, 98 Wis. 2d 569, 297 N.W.2d 808 (1980), for the proposition that circuit courts have no inherent power to dismiss criminal complaints with prejudice. Braunsdorf was charged with welfare fraud and the case was scheduled for a jury trial as the number two case on the calendar for December 19, 1978. *Id.* at 570. On the morning of the scheduled trial date, the assistant district attorney moved the court for an adjournment. *Id.* at 571. In response to the court's inquiries, he stated that, although he had been aware of the forthcoming trial date for several weeks, he had not undertaken any action to contact witnesses and place them on standby or otherwise to prepare for the trial of the case. When the circuit court denied the assistant district attorney's motion to adjourn, he then moved to dismiss the case. *Id.* at 572. The circuit court granted the motion, but ordered dismissal with prejudice. The State appealed.

¶ 7. This court reversed, concluding that, in the absence of statutory authority, a circuit court did not possess the inherent power to dismiss a criminal case with prejudice on nonconstitutional grounds prior to the attachment of jeopardy. We modified the order of

---

[3] The State also argues that no violation of the 120-day time deadline occurred because Davis waived his statutory right to prompt disposition. Because this latter issue was not raised in the circuit court, it will not be considered here. *See County of Columbia v. Bylewski*, 94 Wis. 2d 153, 171, 288 N.W.2d 129 (1980). Additionally, the record is insufficient to evaluate whether any actions of the defendant or defense counsel could be construed as a waiver.

dismissal accordingly,[4] and the supreme court affirmed. *State v. Braunsdorf*, 98 Wis. 2d 569, 571, 297 N.W.2d 808 (1980). The supreme court concluded "that the power to dismiss a criminal case with prejudice prior to jeopardy on nonconstitutional grounds is not essential to the existence or the orderly functioning of a trial court, and it is not, therefore, an inherent power of the trial courts of this state." *Id.* at 585.

¶ 8. We agree with Davis that *Braunsdorf* is not controlling on the present facts. In *Braunsdorf*, the circuit court had no statutory authority to dismiss a criminal case. In this case, however, there is a statutory requirement to dismiss. WISCONSIN STAT. § 971.11(7) explicitly directs the circuit court to dismiss a criminal case for failure to comply with the time limits of § 971.11(2) or (3). The statute is silent on whether dismissal is to be with or without prejudice. This omission creates an ambiguity that we must resolve.

¶ 9. The interpretation of a statute is a question of law, which we review de novo. *DOR v. Milwaukee Brewers Baseball Club*, 111 Wis. 2d 571, 577, 331 N.W.2d 383 (1983). The goal of statutory interpretation is to discern and to give effect to the intent of the legislature. *State v. Cardenas-Hernandez*, 219 Wis. 2d 516, 538 ¶ 36, 579 N.W.2d 678 (1998). If a statute does not clearly set forth the legislative intent, we then look to the scope, history, context, subject matter, and object of the statute. *Jones v. State*, 226 Wis. 2d 565, 574 ¶ 10, 594 N.W.2d 738 (1999) (citations omitted), *cert. denied*, 528 U.S. 1143 (2000).

---

[4] *State v. Braunsdorf*, 92 Wis. 2d 849, 853–54, 286 N.W.2d 14 (Ct. App. 1979), aff'd, 98 Wis. 2d 569, 297 N.W.2d 808 (1980).

¶ 10. There are several Wisconsin statutes which unambiguously direct that a dismissal is to be with or without prejudice. For example:

### § 971.14(1) Competency proceedings.

. . . .

(c) . . . If the court finds that any charge lacks probable cause, it shall *dismiss the charge without prejudice* and release the defendant. . . .

### § 971.37(3) Deferred prosecution programs; domestic abuse.

Upon completion of the period of the agreement, if the agreement has not been terminated under sub. (2), the court shall *dismiss, with prejudice*, any charge or charges against the person in connection with the crime specified in sub. (1m), or if no such charges have been filed, none may be filed.

### § 971.39 Deferred prosecution program; agreements with department.

. . . .

(f) The circuit court shall *dismiss, with prejudice*, any charge which is subject to the agreement upon the completion of the period of the agreement, unless prosecution has been resumed under par. (e).

(Emphasis added.)

¶ 11. The history of WIS. STAT. § 971.11 suggests that the legislature intended to leave the matter up to a court's discretion. The original proposal for the intrastate detainers statute, WIS. STAT. § 955.22(7) (Laws of 1961, ch. 109), the predecessor of the current § 971.11(7), came from the Wisconsin Department of Public Welfare in July 1960. The first draft, introduced in February 1961 as A.B. 292, provided that "[i]f the district attorney moves to dismiss any pending charge

or if it is not brought on for trial within the time herein specified, *the charge shall be forever barred.*" The director of the Wisconsin Department of Public Welfare proposed amending the statute to read "shall be forever barred, *unless it is dismissed without prejudice.*" (Emphasis added.) The bill as passed contains the language in the present day version, "the case shall be dismissed" with no reference to prejudice. Thus, language relating to prejudice was proposed both ways. That is, with prejudice and without prejudice, and ultimately both proposals were rejected in favor of the present language not specifying either.

¶ 12. The State argues that the evolution of the statute shows the legislature did not intend to either require or authorize dismissal with prejudice. We note that the same evolution shows that it could have but did not direct dismissal *without* prejudice. The history of this statute is fairly inconclusive. The issue of prejudice was considered and left open. The State's argument that the court has no authority to dismiss with prejudice leads to the conclusion that all dismissals *must* be without prejudice. The State cites no authority for that proposition nor can we find any.

¶ 13. If the dismissals under WIS. STAT. § 971.11 must be without prejudice, the prosecutor can reinstate the dismissed proceedings by refiling the former complaint without ever permitting the inmate the relief contemplated by the statute. By so doing the State is able to obtain a fresh 120 days, while the inmate remains adversely affected because of his security classification at the institution. If this can be done once, why not several times? By the repeated refilings, the 120-day deadline set by statute for disposition can become virtually unlimited. (In Davis's case 289 days passed by the time he filed a motion to dismiss for

violation of the 120-day time limit.) A dismissal without prejudice leaves the inmate without the remedy permitted under the statute.

■

¶ 14. This court has previously recognized that an inmate has a special interest in speedy disposition of detainers. In *State v. Adams,* 207 Wis. 2d 568, 575, 558 N.W.2d 923 (Ct. App. 1996), we observed "that § 971.11, STATS. indicates a legislative intent to provide the option of a speedier disposition for inmates than for others charged with crimes." Early support for the legislation is consistent with that view. In a letter to the members of the State Board of Public Welfare, the Director of Public Welfare recommended passage of legislation relating the prompt disposition of intrastate detainers. He noted among the reasons in support of the law that "[a] prisoner would have a greater degree of knowledge about his future. He could begin more constructive planning and co-operate on a treatment program with the knowledge his efforts would not be minimized by the threat of unsatisfied charges."

■

¶ 15. We recognize that prosecutors in this state enjoy largely unfettered discretion in the prosecution of crime. *Braunsdorf,* 98 Wis. 2d at 572 (citing *Sears v. State,* 94 Wis. 2d 128, 133, 287 N.W.2d 785 (1980)). That discretion, however, is not without its limits. Those limits can be reached when the legislature speaks or the courts have the power to intervene. Here the legislature placed a 120-day limit on the time within which a prosecutor must bring a case to trial when a proper demand has been made under WIS. STAT. § 971.11. The legislature has left the matter up to the courts to exercise its discretion to dismiss with prejudice in a proper case lest the statute have no

meaning at all. The proper control of continued refiling of charges by the State is the authority of the court to dismiss with prejudice.

¶ 16. We conclude, therefore, that the legislature intended to leave that decision to the circuit court.

¶ 17. Having concluded that the question whether to dismiss with or without prejudice is left to the circuit court, it remains for us to examine the record to determine whether the exercise of discretion was proper in this case. A court properly exercises discretion when it considers the facts of record under the relevant law and reasons its way to a rational conclusion. *Burkes v. Hales*, 165 Wis. 2d 585, 590–91, 478 N.W.2d 37 (Ct. App. 1991).

¶ 18. The circuit court here concluded that a dismissal without prejudice left the inmate without a remedy.

> I also find as a matter of law that without dismissal without [sic] prejudice in this Court's view would leave absolutely no teeth in the statute whatsoever. As far as I'm concerned, it would mean that the inmate has a remedy without any enforcement power. As soon as he requests prompt disposition, if it's not had within 120 days, the case is dismissed and we refile the charges.

¶ 19. The circuit court also recognized the special interest that an inmate has in the speedy disposition of pending criminal charges.

> [B]ecause of my knowledge here sitting in this court with inmates coming to the courthouse on a regular basis because of the number of institutions we have in this county and because these charges pending do

affect their security classification . . . why would somebody put this in the statute to get this done? . . .

I'm assuming we are all interested in rehabilitating our inmates. We can't rehabilitate out inmates by keeping them in security classifications simply because there are charges pending elsewhere.

¶ 20. We determine that the circuit judge properly applied the law and exercised discretion in this case.

█

¶ 21. In sum, we conclude that a court, when faced with a motion to dismiss for failure to comply with the time requirements of WIS. STAT. § 971.11(2) or (3), has the discretion to direct that the dismissal be with or without prejudice as the court deems proper under the circumstances.

## CONCLUSION

¶ 22. For the reasons discussed above, we affirm the circuit court's dismissal with prejudice.

*By the Court.*—Order affirmed.