STATE of Wisconsin, Plaintiff-Respondent,

v.

Karon M. ASMUS, Defendant-Appellant.

Court of Appeals

*Nos. 2008AP2980–CR, 2008AP2981–CR. Submitted on briefs December 15, 2009.—Decided March 23, 2010.*

2010 WI App 48

(Also reported in 782 N.W.2d 435.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Donald C. Dudley*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general, and *Aaron R. O'Neil*, assistant attorney general.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. HOOVER, P.J. Karon Asmus appeals judgments convicting her on her guilty pleas of two counts of identity theft. She contends the trial court should have dismissed the complaints because the State did not bring her to trial within 120 days after her request pursuant to the Intrastate Detainer Act, Wis. Stat. § 971.11 (2007–08).[1] We conclude Asmus waived this issue by entry of her guilty pleas.

¶ 2. In two complaints, Asmus was charged with eight counts of identity theft as a repeater, and one count of misdemeanor theft as a repeater. On August 23, 2006, Asmus executed a detainer acknowledgement form indicating that she wished to have prompt dispo-

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

sition of the charges. On June 14, 2007, she filed a motion to dismiss the complaints, alleging the court lacked jurisdiction because more than 120 days lapsed after the request was received. The court denied the motion, concluding Asmus's request did not provide all of the information required by WIS. STAT. § 971.11(1).[2] Pursuant to a plea agreement, Asmus then entered guilty pleas to two counts of identity theft without any penalty enhancer, and the remaining charges were dismissed.

¶ 3.   A guilty plea constitutes a waiver of all non-jurisdictional defects and defenses. *State v. Kelty*, 2006 WI 101, ¶ 18, 294 Wis. 2d 62, 716 N.W.2d 886. This rule applies even though the defendant attempts to preserve an issue by raising it in the circuit court. *State v. Skanfer*, 176 Wis. 2d 304, 312 n.2, 500 N.W.2d 369 (Ct. App. 1993).

¶ 4.   Failure to bring a prisoner to trial within 120 days under the Intrastate Detainer Act is not a jurisdictional defect. The circuit court has plenary subject

---

[2] On appeal, Asmus contends she complied with WIS. STAT. § 971.11(1) and any defect in the proceedings resulted from the failure of the warden or superintendent to comply with the statute. The State concedes the court "might have erred" in blaming Asmus, but that does not change its conclusion that the request was deficient to trigger the 120–day deadline. The State also notes Asmus's request for prompt disposition is not in the record and was improperly appended to her brief. The State argues this court must assume the request supports the circuit court's decision because the request has not been made a part of the record on appeal. We need not resolve these disputes because we conclude Asmus waived her right to present the issue on appeal.

matter jurisdiction. *P.C. v. C.C.*, 161 Wis. 2d 277, 297–98, 468 N.W.2d 190 (1991). Subject matter jurisdiction is the power of the court to determine the facts, apply the law and set the penalty. *State v. Diehl*, 205 Wis. 2d 1, 11, 555 N.W.2d 174 (Ct. App. 1996). Subject matter jurisdiction is conferred on the court by the filing of an information that states the elements of a crime. *Id.* To the extent Asmus alleges lack of personal jurisdiction, a defense of lack of personal jurisdiction is waived by pleading to the information. *Armstrong v. State*, 55 Wis. 2d 282, 285, 198 N.W.2d 357 (1971).

¶ 5. The Intrastate Detainer Act is designed to provide inmates with speedy disposition of pending charges. *State v. Adams*, 207 Wis. 2d 568, 575–76, 558 N.W.2d 923 (Ct. App. 1996). Violations of the right to a speedy trial are waived by entry of a guilty plea. *Edwards v. State*, 51 Wis. 2d 231, 235, 186 N.W.2d 193 (1971).

¶ 6. Asmus contends the rule stated in *Edwards* should only apply to violations of a defendant's speedy trial right under Wis. Stat. § 971.10 because the remedy for violating that statute is merely release from custody. She contends the remedy set out in Wis. Stat. § 971.11, dismissal, compels a different result. We disagree. In *Armstrong*, 55 Wis. 2d at 285, the court considered a jurisdictional challenge based on the failure to timely conduct a preliminary examination. Even though the court concluded failure to hold the preliminary examination within the time provided resulted in loss of personal jurisdiction and should have caused dismissal of the charge, the issue was waived by subsequent entry of a guilty plea. Therefore, the statutory directive to dismiss the charges does not affect the guilty plea waiver rule. As in *Armstrong*, the charges could have

been dismissed by the district attorney without prejudice and merely recharged at a later date. *See State v. Davis*, 2001 WI 106, ¶ 19, 242 Wis. 2d 344, 626 N.W.2d 5. When a defendant chooses to accept a plea agreement rather than inconveniencing the district attorney by requiring the filing of a new complaint, the protections of § 971.11 are forfeited.

*By the Court.*—Judgments affirmed.