STATE of Wisconsin, Plaintiff-Respondent,

v.

Ervin THOMAS, Defendant-Appellant.

Court of Appeals

*No. 2012AP823–CR. Submitted on briefs April 2, 2013.*
*—Decided May 29, 2013.*

2013 WI App 78

(Also reported in 834 N.W.2d 425.)

700

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Kevin M. Gaertner* of *Law Shield of Wisconsin, L.L.C.*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Aaron R. O'Neil*, assistant attorney general, and *J.B. Van Hollen* attorney general.

Before Fine, Kessler and Brennan, JJ.

¶ 1. BRENNAN, J. Ervin Thomas appeals from a judgment of conviction entered upon his guilty plea to one count of kidnapping and one count of second-degree sexual assault of a child.[1] Thomas asks us to overturn his convictions because he claims that the State violated his speedy trial rights under the Interstate Agreement on Detainers ("IAD") as adopted by WIS. STAT. § 976.05(3)(a) (2011–12).[2] Because we conclude that Thomas entered his guilty pleas prior to the date on which his right to a speedy trial expired, we affirm.

## BACKGROUND[3]

¶ 2. On August 27, 2009, the State filed a complaint charging Thomas with kidnapping, second-

---

[1] The Honorable Richard J. Sankovitz received this case due to judicial transfer from the Honorable Kevin E. Martens. Judge Martens presided over the majority of this case and entered all of the relevant substantive orders. Judge Sankovitz presided over sentencing and entered the judgment of conviction from which Thomas appeals.

[2] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

[3] We note with some frustration that the statement of the case set forth in Thomas's brief does not wholly comply with the

702

degree sexual assault, and sexual assault of a child under sixteen years of age. A felony warrant was issued the same day.

¶ 3.　On March 10, 2010, the warden at Taylorville Correctional Center in Illinois, where Thomas was serving another sentence, wrote a letter to the Milwaukee County District Attorney, informing him that Thomas had completed several IAD forms. The forms notified the State that Thomas was currently serving a sentence in Illinois and requested that "a final disposition be made of the . . . complaint[] . . . pending against [him]" in Wisconsin. The letter and Thomas's speedy trial request were mailed the following day, March 11, 2010. Certified mail return receipts show that copies were mailed to the Milwaukee County District Attorney at 821 West State Street in Milwaukee and to the Clerk of the Circuit Court at 901 North 9th Street in Milwaukee.

---

rules set forth in Wis. Stat. § 809.19(1)(d), requiring appropriate references to the record. Many of the facts Thomas sets forth are supported only by citations to his appendix, rather than to the record, and the appendix does not tell us where many of those documents are located in the record. As best we can tell, Thomas has omitted some of the record citations for documents in his appendix because those documents are not in the record. It is not this court's responsibility to sift through the record *in extenso* to attempt to locate the facts on which Thomas relies or determine if they are even properly in the record. *See Tam v. Luk*, 154 Wis. 2d 282, 291 n.5, 453 N.W.2d 158 (Ct. App. 1990).

Despite Thomas's failure to abide by our rules, we will rely on those facts and documents not properly cited by Thomas to the extent that they are not disputed by the State and are relevant and necessary to the resolution of the appeal before us. *See State v. Bean*, 2011 WI App 129, ¶ 24 n.5, 337 Wis. 2d 406, 804 N.W.2d 696 (unrefuted facts are deemed admitted). However, Thomas's counsel is cautioned to be more careful in his future appellate submissions.

¶ 4. The parties agree that those same certified mail return receipts show that on March 15, 2010, an employee for Information Management Services Distribution received and signed for both copies of Thomas's speedy trial request, to wit, both the copy addressed to the district attorney and the copy addressed to the clerk of the circuit court. One of the requests was then directed to the Milwaukee County District Attorney's Office, where it was received by an employee of the district attorney's office, initialed by her, and file stamped on March 18, 2010.

¶ 5. On June 4, 2010, the warrant was returned and Thomas made his initial appearance. Thomas was still serving a sentence in Illinois and had been brought to court on the interstate detainer.

¶ 6. At a motion hearing on September 2, 2010, the circuit court addressed the fact that Thomas's interstate detainer was running out. On September 10, 2010, after permitting the parties an opportunity to brief the detainer issue, the circuit court ruled that the 180–day time limit for trial mandated by WIS. STAT. § 976.05(3)(a) began to run on March 18, 2010, when Thomas's request for final disposition of the complaint was received in the district attorney's office, rather than on March 11, 2010, when his request was mailed by the warden. By the circuit court's calculations, that meant that the detainer would expire on September 14, 2010. On September 13, 2010, Thomas pled guilty to kidnapping and second-degree sexual assault of a child.

¶ 7. Thereafter, on November 4, 2010, Thomas's attorney informed the circuit court that he had recently received the certified mail return receipt that showed that an employee of Information Management had signed for the warden's letter containing Thomas's request on March 15, 2010. Based on that date,

Thomas's attorney argued that the 180–day time limit for trial set forth in Wis. Stat. § 976.05(3)(a) had run when Thomas's pleas were entered.

¶ 8. On February 16, 2011, Thomas filed a motion to withdraw his guilty pleas on the grounds that at the time he entered the pleas he was unaware that the certified mail return receipt had been signed on March 15, 2010, and that based on that new information, he believed that the 180–day time limit for trial had run prior to entering his pleas. On June 20, 2011, at a hearing on the motion, the circuit court found that Thomas addressed and mailed copies of his requests to both the district attorney and the clerk of the circuit court, which were located in two different buildings, but that both were signed for by a woman identified by the parties as an Information Management employee. The court further concluded that there was no evidence indicating that the Information Management employee had any connection to the district attorney's office. As such, the circuit court ruled that the clock did not begin to run on the 180–day time limit set by Wis. Stat. § 976.05(3)(a) until Thomas's request for final disposition was received by the district attorney on March 18, 2010. The court then denied Thomas's motion to withdraw his pleas and set the case for sentencing.

¶ 9. Thomas was sentenced on August 31, 2011, to an indeterminate period of eighteen years of imprisonment on the kidnapping count, and to an indeterminate period of eighteen years of imprisonment on the second-degree-sexual-assault-of-a-child count, to be served concurrent to the kidnapping count, but consecutive to any other sentence. Thomas appeals.

## DISCUSSION

¶ 10. "The IAD is a congressionally approved interstate compact that establishes procedures for the transfer of a prisoner in one jurisdiction to the temporary custody of another." *State v. Tarrant*, 2009 WI App 121, ¶ 8, 321 Wis. 2d 69, 772 N.W.2d 750. Both Wisconsin and Illinois have entered into the compact, and it has been codified in Wisconsin by Wis. Stat. § 976.05. *See State v. Blackburn*, 214 Wis. 2d 372, 378, 571 N.W.2d 695 (Ct. App. 1997); *see also* § 976.05.

¶ 11. Here, Thomas complains that he was not brought to trial within 180 days after he delivered written notice to the State that he was incarcerated in Illinois and requested final disposition to be made of the complaint against him pursuant to Wis. Stat. § 976.05(3)(a). In the alternative, he contends that because he substantially complied with the requirements of § 976.05(3)(a), and that any delay in sending his request to the district attorney's office was not his fault, we should begin counting the 180 days from the date the Information Management employee signed the certified mail return receipt.

¶ 12. The State responds that Thomas waived his speedy trial rights under Wis. Stat. § 976.05(3)(a) when he pled guilty, and that even if he has not waived his right to appeal the issue, the circuit court properly calculated the 180 days from the day the district attorney's office received Thomas's request. We address each of the parties' arguments in turn, and ultimately conclude that the circuit court properly calculated the 180 days from the day the district attorney's office received Thomas's request. As such, we affirm.

## I. We exercise our discretion not to decide this case based upon waiver.

■■

¶ 13. The State first argues that Thomas waived his right to raise any issues related to his speedy trial rights under WIS. STAT. § 976.05(3)(a) when he pled guilty. Indeed, we have said many times that a "guilty plea constitutes a waiver of all nonjurisdictional defects and defenses." *State v. Asmus*, 2010 WI App 48, ¶ 3, 324 Wis. 2d 427, 782 N.W.2d 435. And because rights under the IAD are statutory, generally they may be waived. *See State v. Miller*, 2003 WI App 74, ¶ 9, 261 Wis. 2d 866, 661 N.W.2d 466. However, our caselaw also holds that a failure to abide by statutory time limits may affect a court's competency to exercise its jurisdiction, and "a court's loss of power due to the failure to act within statutory time periods cannot be stipulated to nor waived." *Green Cnty. DHS v. H.N.*, 162 Wis. 2d 635, 656–57, 469 N.W.2d 845 (1991). As such, we exercise our discretion not to decide this case based upon waiver and turn to the merits of Thomas's appeal. *See Tarrant*, 321 Wis. 2d 69, ¶ 6 (appellate court's decision to apply the rule of waiver is discretionary); *see also Patrick Fur Farm, Inc. v. United Vaccines, Inc.*, 2005 WI App 190, ¶ 8 n.1, 286 Wis. 2d 774, 703 N.W.2d 707 ("[W]e decide cases on the narrowest possible grounds.").

## II. WISCONSIN STAT. § 976.05(3)(a) requires Thomas to have been brought to trial within 180 days of when the district attorney's office received Thomas's request for final disposition on March 18, 2010.

■

¶ 14. Thomas argues that WIS. STAT. § 976.05(3)(a) requires that he be brought to trial 180

707

days after the employee for Information Management signed the certified mail return receipt indicating that she received Thomas's request for a speedy trial. Determining whether Thomas's speedy trial rights under § 976.05(3)(a) were violated requires that we engage in statutory construction. *See State v. Whittemore*, 166 Wis. 2d 127, 132–33, 479 N.W.2d 566 (Ct. App. 1991). Statutory construction is a question of law that we review *de novo. Id.* at 132.

¶ 15. WISCONSIN STAT. § 976.05(3)(a) requires a defendant to be brought to trial "within 180 days after the prisoner has *caused to be delivered to the prosecuting officer* and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his or her imprisonment and his or her request for a final disposition to be made of the . . . complaint[.]" (Emphasis added.) The issue before this court is when did Thomas "cause[] to be delivered" his written request "to the prosecuting officer."[4] *See id.*

¶ 16. The Wisconsin Supreme Court first addressed that issue in *Whittemore*. There, the issue before the court was whether the defendant " 'caused to be delivered' to the prosecuting officer" his request for a speedy trial when he delivered the request to the prison officials in the custodial state or when the written request was file stamped by the district attorney's office. *Id.,* 166 Wis. 2d at 132–33 (citation omitted).

---

[4] WISCONSIN STAT. § 976.05(3)(a) requires a defendant to send his speedy trial request to both "the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction." While on appeal the parties debate when the "prosecuting officer" received Thomas's speedy trial request, there is some confusion in the record regarding when or if Thomas's request was also delivered to "the appropriate court of the prosecuting officer's jurisdiction." *See id.* However, because the parties do not raise the issue on appeal, we do not address it.

Looking to caselaw from IAD party states, the court concluded that the phrase " 'cause to be delivered' " was equivalent to " 'has delivered.' " *Id.* at 133 (citation omitted). As such, the court held that the 180–day time limit set forth in WIS. STAT. § 976.05(3)(a) began to run on the date that the speedy trial request was delivered to the prosecuting officer, not when the warden sent out the request. *Whittemore,* 166 Wis. 2d at 132–34.

¶ 17. Thomas argues that delivering his request for a speedy trial to the Information Management employee on March 15, 2010, was equivalent to delivering the request to the prosecuting officer under the statute. However, he presents no evidence demonstrating that Information Management was the prosecuting officer or an agent for the prosecuting officer in this case. Instead, Thomas baldly states that Information Management "is both the agent of the circuit court and the district attorney's office," without citing to evidence in the record to support that assertion. And the circuit court expressly found that there was no evidence that Information Management had any connection to the district attorney's office or any authority to receive mail on behalf of the district attorney's office. We agree, based on our review of the record.

■

¶ 18. Without any evidence demonstrating that Information Management was an agent of the district attorney's office, we conclude that Thomas failed to demonstrate that his speedy trial request was delivered to the prosecuting officer on March 15, 2010. As we noted in *Whittemore,* it is Thomas's burden to establish that the speedy trial request was delivered to the prosecuting officer on March 15, 2010. *See id.,* 166 Wis. 2d at 135. He has failed to do so. Thus, we must agree with the circuit court that the clock began to run

on Thomas's speedy trial request on March 18, 2010, the date on which the parties agree that his request was delivered to the district attorney's office. This result not only complies with the plain language of Wis. Stat. § 976.05(3)(a) and caselaw, but it makes practical sense. Because the penalty against the State for failure to honor a defendant's speedy trial rights under the statute is high—dismissal of the complaint with prejudice, *see* § 976.05(5)(c)—the penalty should not be imposed unless it is clear that the State was aware that a defendant was requesting to exercise his right to a speedy trial.

¶ 19. Thomas next argues that interpreting the IAD to require actual receipt by the prosecutor is unfair where, as here, he could do no more than he did to get his request to the district attorney in a timely fashion. Because the three-day delay was not his fault, he argues that the charges against him should be dismissed. But the United States Supreme Court rejected this same unfairness argument in *Fex v. Michigan*, 507 U.S. 43, 50–51 (1993). In *Fex*, the defendant was brought to trial 196 days after he delivered his speedy trial request to the warden and 177 days after the prosecutor received his request. *Id.* at 46. The delay was the warden's fault, not the defendant's. Nonetheless, the Court held that the 180 days begins when the speedy trial request is actually delivered to the prosecutor. *Id.* at 49–50. The Court noted that only the actual delivery of the request to the prosecutor fulfilled the legislative purpose of bringing the petitioner to trial. Additionally, the court rejected the defendant's "absence of fault" argument, noting that a delay of trial is far better public policy than an outright dismissal of charges. *See id.* at 50–51.

¶ 20. We agree. The purpose of the IAD is to prompt prosecutors to bring defendants to trial, which

a prosecutor cannot do until he or she actually receives notice of the speedy trial request. The warden's receipt of the request, or Information Management's receipt of the request, does not give the prosecutor that notice. And even if the delay here was not Thomas's fault, Thomas offers no evidence that it was the State's fault either. To dismiss child sex assault and kidnapping charges against Thomas due to a three-day mail delay is contrary to well-recognized public policy. By requiring that the speedy trial request be actually received by the district attorney before the 180–day clock starts running, the legislature was acknowledging that only the prosecutor (not a mail room) is in a position to timely move the prisoner on to trial. Here, the district attorney did comply with the 180–day time limit from the date of actual receipt of Thomas's notice, March 18, 2010. Construing the statute to require actual receipt by the prosecutor, even in the case of no fault on the prisoner's part in mailing the request, is consistent with the statute's clear legislative intent as interpreted by the United States Supreme Court in *Fex*.

## III. The substantial compliance doctrine is not applicable.

¶ 21. Thomas also contends that even if we determine that receipt of his speedy trial request by the Information Management employee did not begin the clock running, he is still entitled to a dismissal of all charges because Thomas substantially complied with the statute. Thomas's argument fails.

¶ 22. The substantial compliance doctrine applies when a defendant fails "to meet the technical require-

ments of the IAD . . . due to 'intentional or negligent sabotage by government officials.' " *Blackburn,* 214 Wis. 2d at 381–82 (citation omitted). As we noted in *Blackburn*: "In all other cases, 'a prisoner must strictly comply with the formal notice requirements of the Act.' " *Id.* at 382 (citation omitted).

¶ 23. Thomas's first problem is that he fails to show any intentional or negligent sabotage by the State. As such, the substantial compliance doctrine is totally inapplicable. Thomas attempts to meet the sabotage requirement by arguing that the three-day delay between receipt of Thomas's speedy trial request by the Information Management employee and receipt of the request by the district attorney's office was due to those parties' "failure to properly manage the receipt of their mail."

¶ 24. Thomas's claim of poor mail management by the district attorney's office falls far short of even alleging, much less proving, intentional or negligent sabotage of his speedy trial request. He offers no evidence whatsoever of how the district attorney's office receives mail. For example, we cannot determine from Thomas's appellate submissions whether the district attorney's office's mail is supposed to go to Information Management first, as it did here, or whether this was some misdirection of mail. Nor could we glean from Thomas's submissions who would be at fault for such misdirection. Thomas simply asserts, without any evidentiary support, that the district attorney uses the Information Management office as its agent. We will not consider totally unsupported allegations, especially where, as here, Thomas did not object to the State's contention that the Information Management employee who signed for the mail on March 15, 2010, was *not* an employee of the district attorney's office. *See*

*State v. Bean*, 2011 WI App 129, ¶ 24 n.5, 337 Wis. 2d 406, 804 N.W.2d 696 (unrefuted facts are deemed admitted).

¶ 25. Pursuant to *Blackburn*, in the absence of evidence of intentional or negligent sabotage by the State, Thomas is required under the IAD to strictly comply with that statute's technical requirements. *See id.*, 214 Wis. 2d at 382. By rejecting Thomas's substantial compliance argument, we are acting consistent with the legislative intent behind the purpose of WIS. STAT. § 976.05(3)(a), which is to allow the prosecutor "to give the matter prompt and proper attention and bring the prisoner to trial on any criminal charges lodged against him or her." *See Blackburn*, 214 Wis. 2d at 383.

¶ 26. As such, for all of the reasons set forth above, we affirm.

*By the Court.*—Judgment affirmed.