DUGAN, J.[1]
¶1 Daniel W. Morse appeals a judgment, entered following guilty pleas, convicting him of three misdemeanor counts of theft by embezzlement not exceeding $ 2500. Morse, an attorney, is representing himself.
¶2 Morse argues that the conduct charged in this case did not establish the elements of theft by embezzlement under WIS. STAT. § 943.20(1)(b). In its response brief, the State argues that Morse waived the ability to challenge his convictions by entering his guilty pleas. In his reply brief, Morse does not refute the State's argument and, therefore, he concedes the issue. Therefore, we affirm and do not address the merits of this appeal.
BACKGROUND
¶3 Morse, an attorney licensed to practice law in this State, was hired in early 2013 to represent the Estate of M.G. He also was appointed to serve as the personal representative for the Estate. In early 2014, Morse opened an account in the name of the Estate and made several deposits totaling $ 41,594. Thereafter, facing shortages in his personal and business accounts, Morse withdrew amounts from the Estate account and deposited them into his business and personal accounts and used them to pay business expenses and personal expenses. At times, the Estate account dwindled to several hundred dollars with the vast bulk of the proceeds having been used by Morse for his own purposes. Moreover, the Estate bills went unpaid because of a shortage of funds in the Estate account caused by Morse's misappropriation.
¶4 In September 2014, a brother of M.G. asked Morse to give an accounting of the Estate and to explain why the Estate's mortgage and bills were not being paid on time. After not receiving any response for approximately three weeks, M.G.'s heirs contacted a new attorney and asked him to take over as the personal representative. The new attorney was substituted as the personal representative on November 18, 2014.
¶5 The new attorney contacted Morse and requested an accounting of the Estate's funds and activity. However, Morse did not turn over the Estate's funds and did not provide an accounting of the Estate's funds. Without assistance from Morse, the attorney and his staff had to reconstruct an accounting for the Estate. They calculated that Morse should have had the sum of $ 26,037.19 in Estate funds in his possession. The new attorney applied to the probate court for an order to compel Morse to turn over the funds to the new attorney, to provide all financial records to the new attorney, and to provide an accounting. The probate court issued the order as requested. Pursuant to that order, Morse provided the new attorney with a check for $ 26,037.19, using funds from his retirement account that he had to liquidate. Morse did not provide any of the Estate financial information. Morse's actions caused the Estate to incur over $ 8000 in attorney fees and costs to compel Morse to repay the Estate funds that he misappropriated. Morse did not repay those amounts until after repayment was included as part of the State's negotiations in the criminal case against Morse.
¶6 On May 10, 2017, the State charged Morse with eight counts of theft by embezzlement, which included five felony counts and three misdemeanor counts. Represented by counsel, Morse filed a motion to dismiss, arguing that the information failed to allege a violation of WIS. STAT. § 943.20(1)(b), the charging statute for theft by embezzlement. The State filed a response brief and Morse filed a reply brief. At a November 2, 2017 hearing, the trial court denied the motion to dismiss.
¶7 On January 16, 2018, the State filed a copy of the plea agreement and a modification to that agreement. On January 17, 2018, the State also filed an amended information, charging Morse with three misdemeanor counts of theft by embezzlement not exceeding $ 2500.
¶8 On January 17, 2018, the trial court presided over a change of plea hearing and conducted a thorough colloquy with Morse. The trial court explained the rights that Morse was giving up by pleading guilty, including the right to have the State prove all the elements of the crime beyond a reasonable doubt. The trial court also explained each element of theft by embezzlement. The trial court asked Morse whether he understood the elements of the crime and the allegations of the criminal complaint. Morse said he did. The trial court also referenced the plea questionnaire and waiver of rights form and the addendum to that form, and asked Morse whether he had signed them and whether his answers were accurate and truthful. Morse told the trial court that he did.
¶9 The trial court also reviewed the rights that Morse was giving up by pleading guilty, including the right to have a trial, the right to a twelve person jury, the right to have a unanimous verdict, and the right to have the State prove him guilty beyond a reasonable doubt. The trial court asked Morse whether he understood all of those rights and whether he was giving them up by pleading guilty. Morse said that he understood his rights and that he was giving them up. Further, the trial court asked Morse, "Do you also understand by pleading guilty you give up your right to raise certain legal motions, such as ... any challenges to the criminal complaint?" Morse responded, "I understand." Morse then entered a plea of guilty to the three charges.
¶10 At the trial court's request, the State summarized the factual basis for the three offenses. Morse told the trial court that the State's factual summary was accurate. Trial counsel agreed that the trial court could use the facts from the criminal complaint and the State's summary of the facts to support the factual basis for Morse's plea. The trial court then accepted Morse's pleas and found him guilty of the three misdemeanor theft by embezzlement counts.
¶11 On April 24, 2018, the trial court imposed and stayed a sentence of six months in the House of Correction, and placed Morse on probation for a year.[2] This appeal follows.
DISCUSSION
¶12 Morse argues that the conduct charged in this case did not establish the elements of theft by embezzlement under WIS. STAT. § 943.20(1)(b). The State argues that "Morse does not address why his entry of guilty pleas should not be considered a waiver of all defenses."[3] Citing, State v. Asmus , 2010 WI App 48, ¶3, 324 Wis. 2d 427, 782 N.W.2d 435, it asserts that such a plea constitutes a waiver of defects and defenses even if the "defendant attempts to preserve an issue by raising it in the [trial] court." See id. (citation omitted).
¶13 Morse's reply brief does not address the waiver argument or any of the legal authorities on the waiver issue cited by the State. Therefore, he is deemed to have conceded the issue. See United Co-op. v. Frontier FS Co-op. , 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (stating that the failure to refute a proposition asserted in a response brief may be taken as a concession). As an appellate court, we resolve cases on the narrowest possible grounds. See State v. Blalock , 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989). Therefore, we do not address any of the other contentions raised by the parties.
CONCLUSION
¶14 Morse failed to refute the State's waiver argument and, therefore, has conceded the issue. Based on the foregoing, we affirm the judgment of conviction.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)(4).

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

In his reply brief, Morse states that he has fully completed his probation which the trial court reduced from one year to six months.

The State also argues that by pleading guilty Morse is judicially estopped frim challenging whether his actions constituted the crime of theft by embezzlement and that the evidence was sufficient to establish theft by embezzlement.