**COURT OF APPEALS
DECISION
DATED AND FILED**

**October 17, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP572-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2018CF1765

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

HOWARD EDWARD WELLS,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Brown County: DONALD R. ZUIDMULDER, Judge. *Affirmed.*

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Howard Wells, pro se, appeals from a judgment convicting him of possession of a firearm by a felon. Wells raises a series of

issues related to motions he filed seeking to dismiss the complaint and to suppress evidence. We conclude that the issues Wells attempts to raise on appeal related to the complaint are procedurally barred by his entry of a no-contest plea. We reject Wells' remaining arguments challenging the circuit court's suppression ruling and affirm the judgment of conviction.

## BACKGROUND

¶2 On December 11, 2018, a Brown County police officer met with Barbara Parks[1] at a domestic abuse shelter in response to a dispatch call. Parks informed the officer that she had previously been in a physically and verbally abusive relationship with Wells, with whom she shared two children. Parks alleged that Wells had recently been "intimidating" her. Among several incidents that Parks described were a sexual assault, a beating that led her to seek medical treatment for a head injury, and an episode during which Wells texted Parks that he would have shot her if their daughter had not been present.

¶3 On December 14, 2018, Parks again contacted the police to report that Wells, armed with a gun and a hammer, had confronted her and another woman, Kate Woods, outside of Wells' apartment building while Parks was attempting to retrieve her truck. Parks reported that Wells had threatened to shoot them. Responding officers arrested Wells at the scene because he was "wanted on several felony charges" stemming from Parks' prior report. After speaking with Parks and Woods, the police obtained a warrant to search Wells' apartment for the

---

[1] This matter involves the alleged victims of a crime. Pursuant to the policy underlying WIS. STAT. RULE 809.86(4) (2021-22), we use pseudonyms instead of the victims' names. All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

2

gun and hammer used in the most recent incident. During the search, the police discovered a loaded firearm, two hammers, a baggie of methamphetamine, and various drug paraphernalia. The police then obtained a second search warrant to seize the drugs and drug paraphernalia.

¶4 The State filed a complaint three days later charging Wells with nine offenses. Wells waived his right to counsel. Following a preliminary hearing, the State filed an Information amending the charges to: (1) disorderly conduct by use of a dangerous weapon, as domestic abuse and as a domestic abuse repeat offender; (2) possession of a firearm by a felon as a repeat offender; (3) possession of methamphetamine as a second or subsequent offense; and (4) possession of drug paraphernalia as a repeat offender.

¶5 Wells moved to dismiss the charges on the grounds that he was arrested on "mere hearsay"; that an "invalid arrest" was insufficient to confer subject matter and personal jurisdiction upon the circuit court; and that the complaint merely recited the elements of the crimes charged. Wells alternately moved to suppress the gun and other evidence recovered from his apartment on the grounds that his arrest was invalid and there was no probable cause to support the search warrant.

¶6 The circuit court denied Wells' suppression motion during the final pretrial conference, without taking evidence. The court concluded that there were no grounds to suppress evidence obtained during the search because the search warrant was signed by a magistrate who found probable cause and Wells had not alleged that the officer applying for the warrant knew that any information in his application was false. The court also denied the motion to dismiss the case, but noted that it would be willing to entertain a challenge to the sufficiency of the

evidence—including whether there were sufficient facts to establish personal jurisdiction—after trial.

¶7  Wells subsequently pled no contest to the charge of possession of a firearm by a felon, without the repeater penalty enhancer, in exchange for the dismissal of the remaining charges as read-in offenses and a joint recommendation for an eighteen-month term of probation.  The circuit court followed the parties' recommendation and placed Wells on probation for eighteen months.

¶8  After the appointment and withdrawal of postconviction counsel, Wells filed this pro se appeal.  Wells now contends: (1) the circuit court failed to provide adequate reasoning for denying his motions to dismiss the charges and to suppress evidence; (2) the court failed to make factual findings to support its rulings; (3) the court violated Wells' "right to be heard" by denying his motions without an evidentiary hearing and without allowing him to fully present his arguments; (4) the search warrant was not supported by probable cause; (5) the complaint was defective because it was based upon hearsay; (6) Wells' arrest was unlawful because it was based upon hearsay and suspicion; (7) the court cannot obtain jurisdiction through an invalid arrest; and (8) evidence seized from the search should have been suppressed as "fruit of the poisonous tree."  Wells further claims that he should be allowed to withdraw his no-contest plea as a remedy for these alleged errors.

¶9  We note that the eight issues Wells discusses in the argument section of his brief overlap, but they do not fully correspond to the five issues he identifies in his statement of the issues.  Although we have listed the issues as Wells discusses them in his argument, we will reorganize them for our own analysis based upon a framework that better addresses the procedural posture of the case.

## DISCUSSION

¶10 As a threshold matter, the State asserts that Wells has forfeited all issues relating to the validity of the complaint. By entering a valid plea of guilty or no contest, a defendant forfeits the right to challenge nearly all nonjurisdictional defects and defenses occurring prior to the plea, including most alleged violations of constitutional rights. *See State v. Kelty*, 2006 WI 101, ¶¶18 & n.11, 34, 294 Wis. 2d 62, 716 N.W.2d 886. There is a statutory exception to this forfeiture rule allowing review of a suppression ruling following a plea of guilty or no contest. WIS. STAT. § 971.31(10). We review questions involving the effect of a plea de novo. *Kelty*, 294 Wis. 2d 62, ¶13.

¶11 Here, Wells attempts to avoid the application of the guilty-plea-forfeiture rule by framing his challenge to the validity of the complaint as jurisdictional in nature. However, the type of jurisdictional defects that are exempted from the guilty-plea-forfeiture rule involve challenges to subject matter jurisdiction, not personal jurisdiction. *See State v. Aniton*, 183 Wis. 2d 125, 129, 515 N.W.2d 302 (Ct. App. 1994) (regarding subject matter jurisdiction); *State v. Asmus*, 2010 WI App 48, ¶4, 324 Wis. 2d 427, 782 N.W.2d 435 (regarding personal jurisdiction).

¶12 Subject matter jurisdiction refers to the power of a court to decide certain types or categories of actions. *City of Cedarburg v. Hansen*, 2020 WI 11, ¶49, 390 Wis. 2d 109, 938 N.W.2d 463 (citation omitted). Under the Wisconsin Constitution, circuit courts have original subject matter jurisdiction over "all matters civil and criminal." WIS. CONST. art. VII, § 8. Subject matter jurisdiction in a criminal case is conferred upon the court by the filing of an Information that states the elements of a crime. *Asmus*, 324 Wis. 2d 427, ¶4. A circuit court lacks

5

subject matter jurisdiction over a criminal case only when the charged offense does not exist. *Aniton*, 183 Wis. 2d at 129.

¶13     Wells does not (and could not successfully) contend that any of the four offenses alleged in the Information do not exist under Wisconsin law, or that the Information failed to state any of the elements of those offenses. Wells' assertion that the complaint was invalid because it was based upon hearsay that was insufficient to establish probable cause has no bearing upon the circuit court's subject matter jurisdiction. Rather, a claim that a complaint fails to state probable cause raises a question of personal jurisdiction. *See State v. Higgs*, 230 Wis. 2d 1, 8-9, 601 N.W.2d 653 (Ct. App. 1999). Therefore, Wells forfeited the right to challenge the complaint by entering his no-contest plea.

¶14     We turn next to the denial of Wells' suppression motion without an evidentiary hearing. In order to obtain an evidentiary hearing, a defendant must allege material facts sufficient to warrant the relief sought. *State v. Allen*, 2004 WI 106, ¶¶9, 36, 274 Wis. 2d 568, 682 N.W.2d 433. No evidentiary hearing is required when the defendant presents only conclusory allegations or when the record conclusively demonstrates that he or she is not entitled to relief. *Nelson v. State*, 54 Wis. 2d 489, 497-98, 195 N.W.2d 629 (1972). We review the decision to deny a motion without an evidentiary hearing de novo, independently determining whether the facts alleged would, if proven, establish the right to the relief sought. *See State v. Bentley*, 201 Wis. 2d 303, 308, 548 N.W.2d 50 (1996).

¶15     In his suppression motion, Wells claimed: (1) his arrest was invalid because officers acted without prior approval by a judge or magistrate and without exigent circumstances justifying their failure to obtain an arrest warrant; (2) his arrest was invalid because it was based upon mere hearsay that fell short of

probable cause; and (3) the initial search warrant also was invalid because it was based upon hearsay that fell short of probable cause. We conclude that Wells was not entitled to an evidentiary hearing on his suppression motion because the facts alleged in his motion do not establish a right to relief on any of these claims.

¶16 First, there is no requirement under Wisconsin law that there be exigent circumstances in order to make a warrantless arrest. Rather, pursuant to WIS. STAT. § 968.07(1)(d), a law enforcement officer may arrest a person without a warrant when "[t]here are reasonable grounds to believe that the person is committing or has committed a crime." The term "reasonable grounds" is synonymous with the term "probable cause." *Johnson v. State*, 75 Wis. 2d 344, 348, 249 N.W.2d 593 (1977). A judicial determination of probable cause may be properly made after the arrest. *See County of Riverside v. McLaughlin*, 500 U.S. 44, 55-56 (1991). Therefore, neither the lack of an arrest warrant nor the lack of exigent circumstances rendered Wells' arrest illegal.

¶17 Second, the facts set forth in both the complaint and the suppression motion were sufficient to establish probable cause for Wells' arrest. Probable cause for arrest exists when the totality of the circumstances within the arresting officer's knowledge would lead a reasonable law enforcement officer to believe that the suspect probably committed a crime. *State v. Kutz*, 2003 WI App 205, ¶11, 267 Wis. 2d 531, 671 N.W.2d 660. The officer's belief may be predicated in part upon hearsay and upon the collective knowledge of the police. *Id.*, ¶12. The probable cause test is "not a high bar," and "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018) (citation omitted). When competing reasonable inferences could be drawn, the officer is entitled to rely on the one justifying arrest. *Kutz*, 267 Wis. 2d 531, ¶12.

¶18     We first note that the allegations against Wells made by Parks and Woods at the scene of the hammer and gun incident were not hearsay statements being relayed to the arresting officers by third parties. *See generally* WIS. STAT. § 908.01(3) (defining hearsay). Instead, they were direct accounts of the women's own experiences that would have been admissible in circuit court if the women had testified at trial. To the extent that the arresting officers also relied upon a dispatch report regarding felony charges stemming from Parks' prior allegations of battery and sexual assault, that information was within the collective knowledge of the police. Again, Parks' prior statement regarding the battery and sexual assault allegations would not have constituted inadmissible hearsay if she had testified at trial. The arresting officers therefore were entitled to consider the statements the two women made at the scene of the hammer and gun incident, as well as the collective knowledge of the police regarding Parks' earlier report of battery and sexual assault, as part of their evaluation of whether there was probable cause for the arrest.

¶19     Wells seems to argue that Parks' allegations were untrue, and that the police should have further investigated the allegations before acting upon them. That, however, is not the legal standard that applies. Although Wells challenged the truth of Parks' and Woods' statements, he did not dispute that the complaint accurately conveyed the substance of those statements. Therefore, there was no need for an evidentiary hearing or for the circuit court to make factual findings to determine what knowledge the police possessed at the time of the arrest.

¶20     We conclude, as a matter of law, that the substance of the statements Parks and Woods made to the police at the scene of the hammer and gun incident were sufficient to lead a reasonable police officer to believe that Wells had, at a

minimum, committed the offense of disorderly conduct. Therefore, the facts alleged in the suppression motion did not establish that Wells was arrested without probable cause.

¶21    Third, the facts alleged in the suppression motion did not establish a right to relief based upon an invalid search warrant.[2]  To begin, essentially the same facts that established probable cause for Wells' arrest would also establish probable cause for the first search warrant.  *See **State v. Romero***, 2009 WI 32, ¶¶16, 19, 317 Wis. 2d 12, 765 N.W.2d 756 (requiring "a fair probability that contraband or evidence of a crime will be found in a particular place").  Given the proximity in time and place to when Parks and Woods reported the hammer and gun incident outside Wells' house, and when the police responded, there was a fair probability that the hammer and gun would be located in the house.

¶22    Moreover, evidence seized pursuant to a warrant does not need to be suppressed unless the affidavit in support of the search warrant contained false statements necessary to a finding of probable cause that were made intentionally or with reckless disregard for the truth.  ***Franks v. Delaware***, 438 U.S. 154, 156 (1978).  Wells did not allege that the officer who applied for the first search warrant made any intentionally false or reckless statements.  Although the circuit court did not explicitly cite *Franks* in its decision, it is plain that it applied the *Franks* test when concluding that suppression would not be an available remedy even if the search warrant had not been supported by probable cause.  We are

---

[2] Our ability to evaluate the validity of the search warrant is somewhat constrained by the fact that it is not included in the appellate record.  Given that the circuit court denied Wells' suppression motion without holding an evidentiary hearing at which Wells could have introduced the warrant, we will accept as true the allegations in the suppression motion as to the basis for issuing the warrant.

satisfied that the court's discussion, though brief, adequately explained the grounds for its decision.

¶23 We conclude that the circuit court acted properly in denying Wells' suppression motion without a hearing, and without making factual findings, because the allegations in the suppression motion were insufficient to establish grounds for relief. We are further satisfied that the court adequately explained its decision. We therefore affirm the judgment of conviction.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.